# SCHUYLER NATIONAL BANK *v.* BOLLONG.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 518. Argued October 17, 1893. — Decided October 30, 1893.

In order to maintain a writ of error against a judgment of the highest court of a State, it must appear that the judgment involved a decision against a right, title, privilege, or immunity claimed by the plaintiff in error under the Constitution or laws of the United States, which was specially set up or claimed in the state court at the proper time and in the proper way; and, as the record in this case does not show such facts, the writ of error is dismissed without intimating any opinion upon the questions sought to be raised here.

THIS was an action brought by Hector C. Bollong against the Schuyler National Bank, a corporation located and doing business in Colfax County, Nebraska, in the District Court of that county, to recover the penalties imposed by the statutes of the United States for knowingly contracting for and receiving usurious interest. The original petition or complaint was filed March 19, 1887, and the judgment recovered thereon was reversed by the state Supreme Court and the cause remanded, (*Schuyler Bank* v. *Bollong*, 24 Nebraska, 821,) whereupon on January 11, 1889, Bollong filed by leave of court his amended petition containing thirty-one counts. The defendant submitted several preliminary motions, which were overruled and exception taken, and among them one to dismiss the action upon the grounds:

"First. That this court has no jurisdiction to try and determine the subject-matter of the above-entitled action.

"Second. That exclusive jurisdiction is by the laws of the United States, to wit, section 711 of the Revised Statutes of the United States, vested in the courts of the United States to try and determine the subject-matter of the above-entitled action."

The motions having been disposed of, the defendant answered, denying all the material allegations of the petition and pleading in addition the limitation of two years provided

by Congress for actions of this character. Issues being joined, a jury was waived and the cause was submitted to the court for trial. The defendant objected " to the introduction of any evidence under this petition on the ground that it does not state grounds sufficient to constitute a cause of action," and · the objection being overruled, excepted.

The court made findings of fact and conclusions of law to which the defendant filed exceptions, and also a motion for new trial, which were severally overruled and exception taken. Judgment was thereupon rendered against the bank · for $1601.84, and costs.

The fifth ground assigned for a new trial was : " That the court erred in admitting any evidence to sustain the allegations of the amended petition, for that the said petition states no facts sufficient to constitute a cause of action."

The bank then brought its petition in error in the state Supreme Court, setting forth among other grounds the following : " Eighteenth. That the findings and decision of the court herein are contrary to law. Nineteenth. That the court erred in finding that the allegations of the said amended petition are sustained by sufficient evidence. Twentieth. That the court erred in overruling the motion for a new trial made by the plaintiff in error."

The Supreme Court held that the state courts had jurisdiction in this class of cases; that the questions of law involved had been decided in *Schuyler Bank* v. *Bollong*, 24 Nebraska, 821, 825 ; that the findings of facts were amply sustained by the evidence; and affirmed the judgment. The opinion will be found in 32 Nebraska, 70. The case having been brought to this court by writ of error, the following errors were assigned in the brief of counsel, and argued at the bar :

" I. The complaint of the plaintiff below is fatally defective in that it contains no averment negativing the exception of section 5197, Revised Statutes United States, viz. : ' except that where by the laws of any State a different rate is limited for banks of issue organized under state laws, the rate so limited shall be allowed for associations organized or existing in any such State under this title.'

"II. The complaint of the plaintiff below contains no allegation of the rate of interest allowed, in any case, by the laws of the State of Nebraska. Without such allegation, the averment that the interest charged by the defendant below ' was at a rate of interest greater than is allowed by the laws of the State of Nebraska,' is wholly insufficient to support this action under said section 5197.

"III. That the supposed causes of action are alleged to have accrued to the plaintiff below by force of section 5198 of the Revised Statutes of the United States; whereas the same accrued, if at all, under and by force of sections 5197 and 5198 of the Revised Statutes, and not by force alone of section 5198, as alleged.

"IV. That there is a fatal variance between the allegations of the complaint of the plaintiff below and the requirements of the said sections of the Revised Statutes.

"V. That there is no allegation in either of the counts or causes of action to the petition that the indebtedness of the plaintiff below to the bank, as therein specified, has been paid; and for aught alleged the several transactions complained of are still *in fieri.*

"VI. That there are other manifest and fatal errors appearing on the face of the petition of the plaintiff below that will be specified in the argument."

*Mr. J. G. Bigelow,* (with whom was *Mr. William Twombly* on the brief,) for plaintiff in error.

*Mr. C. T. Phelps, Mr. J. A. Grimison* and *Mr. C. O. Sabin* filed a brief for defendant in error, but the court did not call upon them.

Mr. Chief Justice Fuller, after stating the case, delivered the opinion of the court.

In view of the provisions of section 5198 of the Revised Statutes, as corrected by the act of February 18, 1875, 18 Stat. 316, 320, c. 80; the proviso of the fourth section of the act of July 12, 1882, 22 Stat. 162, 163, c. 290, and the decision

of this court in *First National Bank of Charlotte* v. *Morgan*, 132 U. S. 141, counsel properly limited his assignment of errors to the matters specified, and does not now seek to rest the jurisdiction of the court upon any other ground than may be involved therein. And it is not contended that the writ of error can be maintained except upon the theory that the decision of the state court was against some title, right, privilege, or immunity claimed by plaintiff in error under the statutes of the United States. But by the requirements to the exercise of our jurisdiction of section 709 of the Revised Statutes, the title, right, privilege, or immunity thus relied on must be specially set up or claimed in the state court at the proper time and in the proper way. The decision must be against the title, right, privilege, or immunity so set up or claimed. *Spies* v. *Illinois*, 123 U. S. 131; *Brooks* v. *Missouri*, 124 U. S. 394; *Chappell* v. *Bradshaw*, 128 U. S. 132; *Texas & Pacific Railway* v. *Southern Pacific Co.*, 137 U. S. 48.

The errors assigned are in substance that the complaint or petition was fatally defective, in that it contained no averment negativing the exception of section 5197 of the Revised Statutes, under which national banks might charge the rate of interest permitted to banks of issue organized under state laws; in that it contained no allegation of the rate of interest allowed in any case by such state laws; in that the supposed causes of action were alleged to have accrued by force of section 5198 of the Revised Statutes, whereas they accrued, if at all, under and by force of sections 5197 and 5198 taken together; in that there was a fatal variance between the allegations of the complaint and the requirements of said sections; and in that there was no allegation in either of the counts that the indebtedness of plaintiff below had been paid; and in support of these alleged errors many considerations were urged in argument here, in respect of which, however, counsel observed that "none of the considerations herein presented to the court against the sufficiency of the complaint or petition of the plaintiff below were called to the attention of the Supreme Court of Nebraska."

Yet it is urged that the bank had contended at every stage

of the litigation that the trial court had no power to proceed to judgment against it under sections 5197 and 5198, because of the want of averment in the petition of facts essential to give such jurisdiction, and hence that the bank must be held to have specially set up or claimed the title, right, privilege, and immunity under said sections to be exempt from liability to the plaintiff below for any matter or thing alleged in his complaint. But we are unable to accede to this view. The case was necessarily tried in accordance with the procedure and practice prescribed by the Code of Civil Procedure of Nebraska. That provided a form of action to be called a civil action, and to be commenced by the filing of a petition and the issue of summons thereon; what the petition must contain; that the pleadings should be liberally construed; that redundant matter might be stricken out and the allegations of a pleading required to be made definite and certain by amendment when necessary; that neither presumptions of law nor matters of which judicial notice is taken need be stated in the pleading; that amendments in furtherance of justice might be made before or after judgment; that the court should disregard errors or defects in the pleadings or proceedings not affecting the substantial rights of the adverse party, and that by reason of such error or defect no judgment should be reversed or affected; for the assignment of grounds for a new trial, including that the verdict, report, or decision was not sustained by sufficient evidence, or was contrary to law, and for error of law occurring at the trial and excepted to. (§§ 2; 62; 92; 121; 125; 136; 144; 145; 314 of the Code of Civil Procedure of Nebraska.)

The questions raised upon the pleadings were disposed of by the Supreme Court in accordance with these provisions and the jurisprudence of the State in that regard, and there is nothing whatever to indicate that in passing upon the technical sufficiency of the complaint its attention was invited to the proposition that by its judgment thereon it might be depriving the defendant below of some title, right, privilege, or immunity arising in virtue of the sections under which the liability accrued.

It is true that the jurisdiction of the trial court was objected to, but that was on the confessedly untenable ground that the courts of the United States had exclusive jurisdiction in this class of cases, and therefore that the state courts had no jurisdiction over the subject-matter, but no such contention as that before us was suggested.

This being so, without intending in any degree to intimate that the determination by the state courts that the petition was sufficient might have presented a question revisable by this court, we must direct the writ of error to be

*Dismissed.*

MR. JUSTICE BROWN did not sit in this case, and took no part in its decision.