Request of House of Representatives,
No. 5163.

## OPINION OF THE JUSTICES.

Submitted September 4, 1963.
Answer returned September 30, 1963.

The following answer was returned:

*To the House of Representatives:*

It was evident from your resolution that an answer returned at some reasonable time before the Constitutional Convention of May 1964 would meet the needs of the Legislature, which adjourned on July 1, 1963. Hence no attempt was made to furnish an answer before adjournment.

The advisory duty of the Justices under Article 74, Part II of the Constitution does not ordinarily require them to furnish an opinion after the General Court has adjourned. *Opinion of the Justices*, 93 N. H. 474, 475. In answering your inquiries after adjournment of the regular session we rely upon precedents in which answers have been given with respect to the constitutional authority of the Legislature "where the opinion has been requested for the guidance of the Legislature at a possible special session or at the next regular one." *Opinion of the Justices, supra*, 475. In so doing we do not intend to depart from the settled interpretation of Article 74, Part II of the Constitution or to set a precedent for future advisory opinions. *Opinion of the Justices*, 101 N. H. 549, 559.

The Constitution provides that the House of Representatives shall consist of not less than three hundred seventy-five nor more than four hundred representatives to be apportioned by the Legislature every ten years after 1951, "according to the last general census of the inhabitants of the state taken by authority of the United States or of this state." *Art.* 9th, Pt. II, N. H. Const.

Pursuant to Article 9th, *supra*, the Legislature made an apportionment of representatives in 1961 according to the 1960 census, to be effective "until another general census of the state is taken and officially promulgated." Laws 1961, 275:1. The town of Sugar Hill, formerly a section of the town of Lisbon, was incorporated as a town by act of the Legislature adopted in 1961, and conditionally effective April 1, 1962. Laws 1961, 360:7. *Sugar Hill Improvement Ass'n* v. *Lisbon*, 104 N. H. 40; *Lisbon* v. *Lisbon Village District*, 104 N. H. 255. Because Sugar Hill was a part of the town of Lisbon when the census was taken, no provision was made in 1961 for representation of Sugar Hill as a town.

Article 9th provides that apportionment shall be made "every ten years" commencing in 1951, and "according to the last general census." In providing by the 1961 act that the apportionment then made should be effective "until another general census . . . is taken," the Legislature acted strictly in compliance with the Constitution, and presumably in anticipation of another census in 1970 "by the authority of the United States." *Art.* 9th, *supra*. Such a census should permit reapportionment to be made in 1971, with provision for representation of the

town of Sugar Hill according to the number of its inhabitants in 1970.

It seems clear to us that the constitutional mandate establishes only one yardstick as a legislative guide in making an apportionment, and that is "the last general census of the inhabitants of the state taken by authority of the United States or of this state." *Art.* 9th, *supra.* There being no provision for a state census, the Federal census must be used. Since the Constitution provides for no reapportionment during the ten-year period following 1961, it is not "constitutionally competent" for the General Court to authorize an election of a representative by Sugar Hill in the year 1966. The answer to your first question is therefore "No." This makes it unnecessary to answer the remaining questions.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

September 30, 1963.