LOCAL 1497, NATIONAL FEDERATION OF FEDERAL EMPLOYEES, a Labor Organization; National Federation of Federal Employees, Local No. 102, Denver, Colorado, a Labor Organization; Douglas Marion Murray, Donald O. Van Gilder, Ralph G. Bailey, and Robert J. Marshall, individually and for and on behalf of all other persons similarly situate, Plaintiffs,

v.

The CITY AND COUNTY OF DENVER, a Municipal Corporation; and Charles L. Temple, as Manager of Revenue of the City and County of Denver, Defendants.

No. C–1317.

United States District Court
D. Colorado.

July 11, 1969.

George L. Creamer, Creamer & Creamer, Denver, Colo., for plaintiffs.

Max P. Zall, City Atty., W. Keith Peterson, Asst. City Atty., Denver, Colo., for defendants.

Before HOLLOWAY, Circuit Judge, and DOYLE and PAYNE, District Judges.

## MEMORANDUM OPINION
## AND ORDER
PER CURIAM:

In this action plaintiffs seek injunctive and declaratory relief against the enforcement of Ordinances 232 and 233 of the City and County of Denver (Denver). In 1968 Denver enacted Ordinances 232, 233 [1] and 234 as companion revenue measures imposing respectively a Business Occupational Privilege Tax, an Employees Occupational Privilege Tax and an Earnings Tax. State Court litigation has resulted in the invalidation of Ordinance 234. See City and County of Denver et al. v. Duffy Storage & Moving Co. et al., 450 P.2d 339 (Colo.1969).[2]

The Employees Occupational Privilege Tax is the measure apparently directly involved in this controversy.[3] It requires payment by an employee through his employer of $2 per month if during any period of time in the calendar month his employer had a described nexus with Denver and if during the calendar month the employee's compensation was at least $250. Ordinance 232 requires the employer to pay an additional $2 per month tax for each employee and the total tax receipts of $4 per employee are collected by the Denver Manager of Revenue. The tax on employees is due even if the employee resides outside of Denver and even if some of the services

---

1. It was agreed at argument that Ordinances 232 and 233 were amended respectively by Ordinances 375 and 376, the latter specifically extending the Employees Occupational Privilege Tax to any "governmental administration, agency, arm, authority, board, branch, bureau department, division, sub-division, section, or unit * * *"

2. The *Duffy* opinion upheld Ordinances 232 and 233 but the particular claims of

Federal employees as such asserted here were not involved. The plaintiffs in the *Duffy* case are presently attempting an appeal to the United States Supreme Court, 37 U.S. Law Week 3452.

3. Plaintiffs assert that both Ordinances 232 and 233 are involved. However, due to the fact that only employees' alleged rights are asserted, it seems that only Ordinance 233 is actually in question.

are not performed within Denver. For these reasons plaintiffs attack the Ordinances as extralateral legislation, contending that such measures in essence amount to legislative enactments of a city-state which are beyond the authority that the Enabling Act permits Colorado to extend to a home rule body. Plaintiffs further aver a violation of the Federal due process clause, arguing that the Ordinances constitute an invalid attempt to classify Federal employment as a privilege subject to regulation and taxation by Denver, and assert other grounds of invalidity under Federal and State law. Defendants moved to dismiss the instant action for lack of jurisdictional amount, for want of a Federal question, for lack of jurisdiction in view of provisions of the Johnson Act, 28 U. S.C. § 1341, and the existence of adequate State remedies, and have submitted additional motions. Plaintiffs moved for summary judgment. All motions were briefed and argued to the Court.

■ For consideration of the case plaintiffs requested the convening of a three-judge court pursuant to 28 U.S.C. § 2281 et seq. In view of some assertions challenging the validity of underlying Colorado Constitutional provisions, the special tribunal was convened.[4] However, the substance of the complaint concerns merely these Ordinances of Denver, and relief is sought solely against Denver and its Manager of Revenue. Since only the local enactments are challenged and no relief is sought against a State officer, the three-judge court is not required. See Moody v. Flowers, 387 U.S. 97, 101, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); Ex Parte The Public National Bank of New York, 278 U.S. 101, 49 S.Ct. 43, 73 L.Ed.2d 202 (1928). However, we feel it proper to adopt a precaution for protecting against a misjudgment and unnecessary delay to the parties if a proper three-judge case

might be involved here. We therefore follow the practice suggested by Chief Judge Brown in Jackson v. Choate, 404 F.2d 910 at 911 (1968). Accordingly, all three of the judges assigned are joining in this memorandum and order.

We conclude that the complaint and action must be dismissed. For jurisdiction plaintiffs invoke 28 U.S.C. § 1331 and its grant of jurisdiction of actions arising under the Constitution, laws or treaties of the United States where the matter in controversy exceeds $10,000, exclusive of interest and costs. While the complaint makes the formal allegation of jurisdictional amount, it contains other averments and the Ordinances are attached and incorporated. When all is considered together it cannot be said that the jurisdictional amount is shown and the action should be dismissed. KVOS Inc. v. Associated Press, 299 U.S. 269, 277, 57 S.Ct. 197, 81 L.Ed. 183 (1936).

■ The plaintiffs as Federal employees assert infringement of a privilege to work for the Government free of any restrictions or taxation by Denver. They argue that the value of that privilege is the proper measure of the controversy and that it exceeds the requisite $10,000 minimum. We cannot agree. The jurisdictional requirements of the statute are strictly construed. Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248 (1934). The fact that a privilege such as that of employment is involved does not permit its overall value to serve as the jurisdictional amount. The Ordinances do not attempt to prevent plaintiffs from working and instead impose a tax on the privilege. Therefore, the jurisdictional amount is measured by the value of the right to be relieved of the $2 monthly tax that each employee would be called on to pay. See McNutt v. General Motors Acceptance Corpora-

---

4. Article XX of the Colorado Constitution granted Denver "Home Rule" status, and in so far as that status may be construed as authorizing the Ordinances in question, the Article is said to be in violation of the Supremacy Clause of the United States Constitution and the Enabling Act of the State of Colorado.

tion, 298 U.S. 178, 181, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Healy v. Ratta, supra, 292 U.S. at 267–269, 54 S.Ct. 700; and City of Boulder v. Snyder, 396 F.2d 853 (10th Cir. 1968), cert. denied, 393 U.S. 1051, 89 S.Ct. 692, 21 L.Ed.2d 693 (1969).

■ When the tax in issue is considered the jurisdictional amount is clearly lacking. As the defendants suggest, even measured under the most liberal life expectancy tables[5] no claim of an individual plaintiff could satisfy the mandatory jurisdictional amount of $10,000. Moreover, the claims of Federal employees also as a class may not be aggregated. For even if a proper class action is asserted by the individuals or the unions joined as plaintiffs,[6] the claims of Federal employees as a class may not be aggregated to furnish the jurisdictional amount. Snyder v. Harris, supra; Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939). Thus, the jurisdictional amount required by 28 U.S.C. § 1331 is lacking.

■ We further conclude that the Johnson Act precludes injunctive relief here. 28 U.S.C. § 1341 withholds such power from the Federal courts where there is a plain, speedy and efficient remedy in the State Courts. And such circumstances likewise call for restraint in granting declaratory relief. Great Lakes Dredge & Dock Co. v. Huffman,

319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). Colorado law provides effective injunctive relief against illegal taxation, as is illustrated by the *Duffy* case. Furthermore, Ordinances 232.7, et seq. and 233.6, et seq., provide a taxpayer with a right to a hearing before the Manager of Revenue with a right of review in the Colorado State District Court and ultimately the Colorado Supreme Court.[7] Such process comports with the requirements for an adequate State remedy for purposes of the Johnson Act. Gray v. Morgan, 371 F.2d 172 (7th Cir. 1966), cert. denied, 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967); Abernathy v. Carpenter, 208 F.Supp. 793 (W.D.Mo.1962), affirmed per curiam, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963);[8] cf. Baker v. Atchison, Topeka & Santa Fe RR. Co., 106 F.2d 525 (10th Cir. 1939), cert. denied 308 U.S. 620, 60 S.Ct. 296, 84 L.Ed. 518 (1939). And such State court litigation may vindicate an immunity granted by Federal law against State taxation. See Oklahoma Tax Commission v. Brown-Forman Distillers Corp., 420 P.2d 894 (Okl.1966).

In view of the conclusions stated above we feel it unnecessary to probe the merits of plaintiffs' claims further to determine whether they involve a substantial Federal question. We conclude that it is unnecessary to consider this

5. The Court may take judicial notice of mortality tables. See City of Lincoln v. Power, 151 U.S. 436, 14 S.Ct. 387, 38 L.Ed. 224 (1894); Commissioner of Internal Revenue v. Meyer, 139 F.2d 256 (6th Cir. 1943). See the life expectancy tables set out in 52–1–3, C.R.S.1963. The amount of tax that might be demanded during any time reasonably required to conclude this litigation would fall far short of the jurisdictional amount. See *Healy v. Ratta, supra*, 292 U.S. at 272, 54 S.Ct. 700.

6. The plaintiff unions as such are not affected by the Ordinances and allege only that they bring the action representatively and for and on behalf of their members who are too numerous for joinder. Their alleged class actions are also subject to the rule against aggregation of claims en-

forced by *Snyder v. Harris, supra*. See Rock Drilling, Blasting, etc., v. Mason & Hangar Co., 217 F.2d 687 (2d Cir. 1954), cert. denied, 349 U.S. 915, 75 S.Ct. 604, 99 L.Ed. 1249 (1955).

7. The right of review in a state court from a proceeding in an inferior tribunal is also made available to a taxpayer in Rule 106(a) (4) of the Colorado Rules of Civil Procedure.

8. But see United States v. Department of Revenue of State of Illinois, 191 F.Supp. 723 (N.D.Ill.1961), vacated on other grounds 368 U.S. 30, 82 S.Ct. 146, 7 L.Ed. 2d 90 (1961), on remand 202 F.Supp. 757 (1962), affirmed per curiam, 371 U.S. 21, 83 S.Ct. 117, 9 L.Ed.2d 95 (1962).

and the remaining questions in the case in view of the reasons discussed which compel its dismissal.

For the reasons stated it is hereby ordered, adjudged and decreed that the complaint and action herein be and are hereby dismissed at the cost of plaintiffs.