Robert O. WILLIAMS, Individually and as a Member of the Class described in the Complaint, and on behalf of all members thereof, Plaintiff,

v.

AMERICAN FLETCHER NATIONAL BANK AND TRUST COMPANY, Defendant.

No. IP 70–C–25.

United States District Court, S. D. Indiana, Indianapolis Division.

Aug. 28, 1970.

C. W. Runnels, Indianapolis, Ind., and Williams & Williams, Covington, Ind., for plaintiff.

Byron P. Hollett, John L. Wooling and J. B. King, of Baker & Daniels, Indianapolis, Ind., for defendant.

ENTRY ON MOTION TO DISMISS

STECKLER, Chief Judge.

This cause came before the Court on the motion of the defendant to dismiss the complaint on the ground that the Court does not have jurisdiction because the matter in controversy does not exceed the sum or value of $10,000.00 exclusive of interest and costs. The Court having considered the motion and brief in support thereof, and the brief in opposition thereto, and being duly advised in the premises, concludes that the motion should be, and it is, hereby granted.

Plaintiff Robert O. Williams brought this action as a class action on behalf of himself as well as on behalf of each and all other persons within the State of Indiana who were issued AFNB or Master Charge cards by the defendant and who used these cards to make purchases and then elected to spread the payments and to defer the payment of the total amount owing to the defendant, American Fletcher National Bank and Trust Company.

Plaintiff alleges that the members of plaintiff's class paid and defendant received various amounts of money, the exact amounts of which are known to defendant, which amounts include a loan charge greater than is allowed by the laws of the State of Indiana and the United States of America; that by reason of these facts defendant is indebted to the plaintiff Robert O. Williams in the sum of $4.66 and is indebted to the members of plaintiff's class in an amount known to the defendant to exceed $100,-000.00.

The plaintiff originally attempted to base federal jurisdiction upon 28 U.S.C. § 1331(a) by specifically pleading in his complaint that this action arises under the National Bank Act and that the matter in controversy exceeds $10,000.00, exclusive of interest and costs. He now claims that jurisdiction should be based instead upon 28 U.S.C. § 1355. Despite plaintiff's reliance upon this section providing for exclusive federal jurisdiction, he claims that 12 U.S.C. § 94 gives state courts concurrent jurisdiction of such a suit against a national bank.

■ Title 12 U.S.C. § 94 does not give the state courts concurrent jurisdiction of a suit against a national bank. This statute is essentially a venue statute governing the proper location of suits against national banks in either federal or state courts. See, e. g., Mercantile Nat'l Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); Buffum v. Chase Nat'l Bank, 192 F.2d 58 (7th Cir. 1951); Bruns, Nordeman & Co. v. American Nat'l Bank & Trust Co., 394 F.2d 300 (2d Cir. 1968).

Moreover, jurisdiction cannot be based upon 28 U.S.C. § 1355. The source of federal jurisdiction in cases involving national banks is found in 28 U.S.C. § 1348. It is this statute, not 12 U.S.C. § 94 nor 28 U.S.C. § 1355 from which federal jurisdiction of cases under the National Bank Act derives. The effect of this statute as construed by the Supreme Court is to grant the federal district courts jurisdiction of actions against national banks when such actions are brought by the United States or an officer thereof or are to wind up affairs of the bank, or when jurisdiction can be based on 28 U.S.C. § 1331 or § 1332 and in no other case. Since the adoption of the Judiciary Act of 1882, which was the forerunner of 28 U.S.C. § 1348, the "fine and penalty" provision in what is now 28 U.S.C. § 1355 has been inapplicable in cases such as this because all laws related to jurisdiction of national banks in suits brought under the provision of the National Bank Act were repealed by section 4 of the 1882 Act. The Supreme Court considered and decided this specific point in Leather Manufacturers' Nat'l Bank v. Cooper, 120 U.S. 778, 7 S.Ct. 777, 30 L.Ed. 816 (1887).

Plaintiff cites the case of First Nat'l Bank of Charlotte v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889) as sustaining jurisdiction of federal district courts in actions against a national bank for usury without regard to the requirements of 28 U.S.C. §§ 1331 and 1332. The action in First Nat'l Bank of Charlotte v. Morgan was, however, brought after the Bank Act of 1864 but prior to the enactment of the Judiciary Act of 1882. The Court by express limitation made it clear that it was not overlooking its earlier decision in Leather Manufacturers' Nat'l Bank v. Cooper, that section 4 of the Act of 1882 had repealed these earlier federal jurisdictional provisions as they related to suits brought under the National Bank Act.

■ Since the interpretation of section 4 of the Act of 1882 in the *Leather Manufacturers' Nat'l Bank* case, the Supreme Court has consistently held that the federal courts do not have jurisdiction over actions against national banks which are based upon the provisions of the National Bank Act, including the usury sections, except for those specifically described in the first paragraph of 28 U.S.C. § 1348 and for those which could be brought against a state bank under 28 U.S.C. § 1331 or § 1332. See, *e. g.*, First Nat'l Bank of Charlotte in Whittemore v. Amoskeag Nat'l Bank, 134 U.S. 527, 10 S.Ct. 592, 33 L.Ed.2d 1002 (1890); Schuyler Nat'l Bank v. Bollong, 150 U.S. 85, 14 S.Ct. 24, 37 L.Ed. 1008 (1893).

Although section 4 of the Judiciary Act of 1882 has been amended and modified from time to time to become what is now 28 U.S.C. § 1348, the Supreme Court has consistently held that none of these revisions has changed the relevant underlying jurisdictional basis for suits against national banks from that described above.

■ Plaintiff relies on the case of Daniel v. First National Bank of Birmingham, 227 F.2d 353 (5th Cir. 1955), as establishing that the jurisdiction of the federal district court in cases seeking recovery under section 85 and 86 of the National Bank Act (12 U.S.C. §§ 85 and 86) is not dependent on the jurisdictional amount limitation of 28 U.S.C. § 1331, but exists because of the nature of the remedy created by the provisions of the National Bank Act. The case contradicts the law as announced by the Supreme Court and cannot control here. With exceptions not pertinent, federal jurisdiction of an action against a national bank which seeks recovery under the National Bank Act can be sustained only upon a showing of the proper jurisdictional amount.

■ The defendant contends that the complaint shows on its face that such amount is not present here under the principle applied in Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Plaintiff attempts to limit the rule in *Snyder* to diversity cases, but the federal courts have consistently applied the *Snyder* rule to cases grounded on federal question jurisdiction. See, *e. g.*, Catalano v. Department of Hospitals, 299 F.Supp. 166, 169 (S.D.N.Y. 1969); Potrero Hill Community Action Comm. v. Housing Authority, 410 F.2d 974, 976 (9th Cir. 1969); Local 1497, National Federation of Federal Employees v. City and County of Denver, 301 F.Supp. 1108 (D.Colo.1969); Spotted Eagle v. Blackfeet Tribe, 301 F.Supp. 85 (D.Montana 1969).

For the above-mentioned reasons the plaintiff has failed to show jurisdiction and therefore this cause must be dismissed.

It is so ordered.