Request of House of Representatives,
No. 6240.

OPINION OF THE JUSTICES.

April 29, 1971.

The following resolution was adopted by the House of Representatives March 31, 1971 and filed in this court on April 2, 1971:

"WHEREAS, the provisions of Articles 9, 11 and 26 of Part Second of the Constitution of New Hampshire require that the General Court make an apportionment of the House of Representatives and the Senate and establish representative and senatorial districts periodically, and

"WHEREAS, said articles require such action by this session of the General Court, and

"WHEREAS, Article 9-a of Part Second of the Constitution of New Hampshire authorizes the General Court to make adjustments to a general census on account of non-residents temporarily residing in the state, and

"WHEREAS, pursuant to Federal mandates and the provisions of Article 65 of Part Second of the Constitution the General Court will be required to reapportion the Federal congressional districts and the Executive Councilor districts, and

"WHEREAS, because of recent decisions of the United States Supreme Court relative the application of the Fourteenth Amendment to the Constitution of the United States and the principle of 'one man one vote' serious questions of constitutionality are raised relative to the reapportionments and redistrictings detailed above;

"NOW THEREFORE BE IT

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following important questions of law:

"1. Do the provisions of Article 9-a Part Second of the Constitution of New Hampshire violate any provisions of the Constitution of the United States?

"2. Would any provision of the United States or New Hampshire Constitutions be violated if in making any of the four reapportionments or districtings detailed above the Federal census figures were adjusted:

"(a) By the exclusion of persons counted as part of the population of this state in the Federal census but who are not residents of this state and are:

"( 1 ) Military personnel stationed at a base in this state, or

"( 2 ) Students attending a college or university in this state; or

"( b ) By increasing or decreasing such figures to reflect the change estimated by the office of planning to have taken place in particular towns or wards from the date of the census to the date of such reapportionment or districting; or

"( c ) By increasing or decreasing such figures in a particular town or city to reflect the result of an actual census taken by said town or city?

" 3. Would any provisions of the United States or New Hampshire Constitutions be violated if the reapportionment and districting for members of the House of Representatives provide for:

"( a ) Some multi-member districts and some single member districts; or

"( b ) All multi-member districts but with differing numbers of members in the districts; or

"( c ) Districts which are composed of towns or wards in more than one county?

" Be it Further Resolved, that the Speaker transmit seven copies of this resolution to the Clerk of the Supreme Court for consideration by said court. "

The following answer was returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court give the following answers to the questions submitted in your resolution adopted March 31, 1971 and filed in this court on April 2, 1971.

The questions all relate to reapportionment problems under both the Constitutions of the United States and this State relating to the New Hampshire House of Representatives, the State Senate, councilor districts, and congressional districts.

You ask first whether the provisions of article 9-a, part II of the Constitution of this State violate any of the provisions of the Constitution of the United States. Article 9-a, part II provides as follows: " The general court shall have the power to provide by statute for making suitable adjustments to the general census of the inhabitants of the state taken by authority of the United States or of this state on account of non-residents temporarily residing in this state. "

In *Burns* v. *Richardson*, 384 U.S. 73, 16 L. Ed. 2d 376, 86 S. Ct. 1286 ( 1966 ), the Supreme Court of the United States stated that in making apportionments " the Equal Protection Clause does not require the States to use total population figures derived from the federal census as the standard by which this substantial population equivalency is to be measured. " The Court further stated that in no decision has it " suggested that the States are required to include aliens, transients, short-term or temporary residents or persons denied the vote for conviction of crime in the apportionment base . . . . " This determination however must be made by a reliable and systematic method. *Kirkpatrick* v. *Preisler*, 394 U.S. 526, 22 L. Ed. 2d 519, 89 S. Ct. 1225 ( 1969 ). The answer to your first question is " No. "

In your second question, you first ask whether any provision of the United States or New Hampshire Constitutions would be violated if in making any of the reapportionments or districtings mentioned, the federal census figures were adjusted:

" ( a ) By the exclusion of persons counted as part of the population of this state in the Federal census but who are not residents of this state and are:

" ( 1 ) Military personnel stationed at a base in this state, or

" ( 2 ) Students attending a college or university in this state; "

Our answer to the questions in 2( a ) is " No, " provided only those who have not met reasonable residence requirements are excluded, and a reliable and systematic method is used. We assume from your question that military personnel stationed at a base in this State or students attending a college or university in this State who have in fact become bona fide residents would not be excluded. The Supreme Court of the United States has said that " [d]iscrimination against a class of individuals, merely because of the nature of their employment without more being shown, is constitutionally impermissible. " *Davis* v. *Mann*, 377 U.S. 678, 691, 12 L. Ed. 2d 609, 617, 84 S. Ct. 1441, 1448 ( 1964 ). In *Burns* v. *Richardson supra*, the Court permitted Hawaii to use the number of registered voters as a basis of apportionment which excluded the large number of military personnel, tourists and others included in total population figures. While it is permissible to exclude persons not meeting reasonable residence requirements, it is not permissible to exclude persons merely because they are military or military-related personnel. *Burns* v. *Richardson supra. See also Carrington* v. *Rash*, 380

U.S. 89, 13 L. Ed. 2d 675, 85 S. Ct. 775 ( 1965 ) and *Kirk-patrick* v. *Preisler*, 394 U.S. 526, 22 L. Ed. 2d 519, 89 S. Ct. 1225 ( 1969 ).

In your second question, you next ask whether any provision of the United States or New Hampshire Constitutions would be violated if in making any of the reapportionments or districtings mentioned, the federal census figures were adjusted:

"( b ) By increasing or decreasing such figures to reflect the change estimated by the office of planning to have taken place in particular towns or wards from the date of the census to the date of such reapportionment or districting; or

"( c ) By increasing or decreasing such figures in a particular town or city to reflect the result of an actual census taken by said town or city?"

Our answer to 2( b ) is "Yes," our Constitution would be violated. If the office of planning were permitted to do what your question suggests, apportionment would not be based upon a "general census" so adjusted as required by our Constitution ( CONST., pt. II, arts. 9 and 9-a; *Opinion of the Justices*, 106 N.H. 233, 209 A.2d 471 ( 1965 ); *Opinion of the Justices*, 105 N.H. 125, 193 A.2d 880 ( 1963 )), but upon estimates made by the office of planning on the basis of changes in resident population estimated to have occurred in an individual town or ward.

For essentially the same reasons, our answer to question 2( c ) is also "Yes." An actual census taken by an individual city or town would not be a "general census taken by the authority of the United States or of this State" and could not be used as a basis for apportionment. *Opinion of the Justices*, 106 N.H. 233, *supra*; *Opinion of the Justices*, 105 N.H. 125, *supra*.

Your third question is also in three parts and reads as follows:

"3. Would any provisions of the United States or New Hampshire Constitutions be violated if the reapportionment and districting for members of the House of Representatives provides for:

"( a ) Some multi-member districts and some single member districts; or

"( b ) All multi-member districts but with differing numbers of members in the districts; or

"( c ) Districts which are composed of towns or wards in more than one county?"

We see no conflict with the Constitution of the United States in reapportionment and districting as suggested in this question provided, of course, that it meets the constitutional requirement that

each person's vote is approximately equal to that of any other citizen and the districts are not so designed as to "operate to minimize or cancel out the voting strength of racial or political elements of the voting population." *Fortson* v. *Dorsey*, 379 U.S. 433, 439, 13 L. Ed. 2d 401, 405, 85 S. Ct. 498, 501 (1965). *See also Reynolds* v. *Sims*, 377 U.S. 533, 12 L. Ed. 2d 506, 84 S. Ct. 1362 (1964); *Swann* v. *Adams*, 385 U.S. 440, 17 L. Ed. 2d 501, 87 S. Ct. 569 (1967); *Kilgarlin* v. *Hill*, 386 U.S. 120, 17 L. Ed. 2d 771, 87 S. Ct. 820 (1967); *Burns* v. *Richardson*, 384 U.S. 73, 16 L. Ed. 2d 376, 86 S. Ct. 1286 (1966).

Nothing in the Federal Constitution prohibits multi-member districts, or a combination of multi-member and single member districts, or multi-member districts with differing numbers of members in the districts so long as the number of representatives assigned to each district is based on substantial equality of population. *Fortson* v. *Dorsey supra.*

Although the rules laid down by the Supreme Court of the United States might permit minor variations among the populations of various districts in order to preserve the "integrity of political sub-divisions, the maintenance of compactness and contiguity in legislative districts" (*Swann* v. *Adams supra*), there is no federal requirement that they be preserved. In our opinion there is no constitutional prohibition against districts being composed of towns or wards in more than one county.

Article 11, part II of the Constitution of New Hampshire not only specifically provides for the formation of districts whenever "any town, ward, or unincorporated place . . . has less than the number of inhabitants necessary to entitle it to one representative . . ." but also provides that the districts may be so formed as to entitle each district to "one or more representatives for the entire district." This authorizes the formation of either single and multi-member districts, or all multi-member districts, provided the requirements of article 11 are met.

Our answer to the three parts of your third question is "No."

> FRANK R. KENISON.
> LAURENCE I. DUNCAN.
> EDWARD J. LAMPRON.
> WILLIAM A. GRIMES.
> ROBERT F. GRIFFITH.

April 29, 1971.