## FIRST NATIONAL BANK OF CHARLOTTE *v.* MORGAN.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 50. Argued November 1, 1889. — Decided November 11, 1889.

The exemption of national banks from suits in state courts in counties other than the county or city in which the association was located, granted by the act of February 18, 1875, 18 Stat. 316, c. 80, was a personal privilege which could be waived by appearing to such a suit brought in another county, but in a court of the same dignity, and making defence without claiming the immunity granted by Congress.

The provision in the act of July 12, 1882, 22 Stat. 163, c. 290, § 4, respecting suits by or against national banks, refers only to suits brought after the passage of that act.

A national bank was sued to recover interest alleged to have been usuriously exacted. The complaint which was sworn to January 13, 1883, charged that the usurious transactions took place "after the 12th day of February, 1877, and before the commencement of this action, to wit, on the 25th day of May, 1878, and at other times and dates subsequent thereto." The defendant answered generally and set up the statute of limitations. The jury found that usurious interest had been taken during the two years next before the commencement of the action, and rendered a verdict for plaintiff, on which judgment was entered. The defendant moved in arrest of judgment, and also for a new trial, on the ground of a variance between the pleadings and proof: *Held,* that, although the complaint might have been more specific, enough was alleged to sustain the judgment.

THE case is stated in the opinion.

*Mr. William E. Earle* for plaintiff in error.

*Mr. Joseph B. Batchelor* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This action was brought in the Superior Court of Cleveland County, North Carolina, by the defendant in error against the plaintiff in error, a national banking association, established at Charlotte, Mecklenburg County in that State. It was based upon the provision of the Revised Statutes of the United States authorizing any person, paying to any such association

a greater rate of interest than the law allows it knowingly to take, receive, reserve, or charge, to recover from it, in an action in the nature of an action of debt, twice the amount of the interest so paid. Rev. Stat. §§ 5197, 5198.[1]

The defendant filed an answer denying all the material allegations of the complaint, and, in addition, pleaded in bar the limitation of two years provided by Congress for actions of this character. Rev. Stat. § 5198.

The jury, in response to the issues submitted to them, found that the plaintiff paid, on the usurious contracts described in certain counts of the complaint, the sum of $554.28, during the two years next preceding the commencement of the action, and returned a verdict against the bank for twice that sum, namely $1108.56. Judgment was accordingly rendered for the latter sum in favor of Morgan.[2]

---

[1] The complaint contained four counts. It was sworn to on the 13th January, 1883. The defendant pleaded the general issue to each count; and to all, the statute of limitations. At the trial the court excluded evidence under the first and third counts, but received it under the second and fourth.

In the second count, the allegations as to the time when the alleged transactions took place were as follows: " That the said defendant, after the 12th day of February, 1877, and before the commencement of this action, to wit, 25th day of May, 1878, and at other times and dates subsequent thereto, in the city of Charlotte, N. C., upon certain corrupt and usurious contracts, made after the 12th day of February, 1877, as aforesaid, to wit, on the 25th day of May, 1878, and at other times and dates subsequent thereto, in the city of Charlotte, N. C., aforesaid, between the said defendant, on the one part, and the plaintiff on the other part, took, accepted, etc."

In the fourth count, those allegations were as follows: " That the said defendant, after the 12th day of February, 1877, and before the commencement of this action, to wit, on the 25th day of March, 1877, and at other times and dates subsequent thereto, in the city of Charlotte, N. C., upon certain corrupt and usurious agreements and contracts made after the 12th day of February, 1877, as aforesaid, to wit, on the 25th day of March, 1878, and at other times and dates subsequent thereto, in the city of Charlotte, N. C., aforesaid, between the defendant, on the one part, and the plaintiff on the other part, took, accepted, etc."

[2] After verdict the defendant moved in arrest of judgment, and also moved for a new trial, on the ground of a variance between the allegations and the evidence. Both motions were denied.

That judgment, having been affirmed by the Supreme Court of North Carolina, is here for reëxamination. The principal error assigned is that the only state court which, consistently with the laws of the United States, could take cognizance of this action, was one established in the county or city where the bank was located, and which had jurisdiction in similar cases.

By the 9th section of the Judiciary Acts of 1789, c. 20, § 9, it was provided that the district courts of the United States "shall also have exclusive original cognizance . . . of all suits for penalties and forfeitures incurred under the laws of the United States." 1 Stat. 76, 77. This provision was in force when the National Bank Act of June 3, 1864, was passed., 13 Stat. 99, § 57, c. 106, § 8. By that act it was declared that associations formed pursuant to its provisions "may make contracts, sue and be sued, complain and defend, in any court of law and equity, as fully as natural persons" (§ 8); and that "suits, actions and proceedings against any association," formed under it, "may be had in any circuit, district, or territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases: *Provided, however,* That all proceedings to enjoin the comptroller under this act shall be had in a circuit, district, or territorial court of the United States, held in the district in which the association is located." § 57.

Section 563 of the Revised Statutes provides, that the district courts shall have jurisdiction of "all suits for penalties and forfeitures incurred under any law of the United States," and § 629 declares that the circuit courts of the United States shall have original jurisdiction of "all suits by or against any banking association established in the district for which the court is held, under any law providing for national banking associations." Section 711 defines the cases in which "the jurisdiction vested in the courts of the United States" shall be "exclusive of the courts of the several States," and among such are "all suits for penalties and forfeitures incurred under the

laws of the United States." But no subdivision of that section, in terms, embraces suits brought under the national bank law by or against associations organized under it.

The revision omitted entirely that part of the act of 1864 (§ 57) designating the particular state courts in which suits, actions, or proceedings against a national banking association might be brought. That omission was remedied by the act of February 18, 1875, entitled "An act to correct errors and to supply omissions in the Revised Statutes of the United States." 18 Stat. 316, 320, c. 80. By that act, § 5198 of the Revised Statutes, (Title, National Banks,) giving the right to recover back twice the amount of the interest illegally received by a national bank, was amended by adding thereto these words: "That suits, actions and proceedings against any association under this title may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located, having jurisdiction in similar cases."

A suit against a national bank to recover back twice the amount of interest illegally taken by it is a suit to recover a penalty incurred under a law of the United States; and it may be, that if the act of 1864 had been silent as to the courts which might take cognizance of such a suit, it must, at any time before the revision took effect, have been brought in the proper court of the United States. But the acts of 1864 and 1875, authorizing certain state courts to take cognizance of suits, actions and proceedings against national banking associations, had the effect, so far as suits for penalties incurred under the laws of the United States were concerned, to modify the provision in prior enactments that expressly excluded suits for such penalties from the cognizance of state courts. When the present action was brought, the jurisdiction of the courts of the United States of suits for penalties incurred under the national banking act for taking usurious interest, was not exclusive of, but concurrent with, the jurisdiction of such state, county, or municipal courts of the county or city in which the bank was located, as had jurisdiction, under the local law, in

similar cases. This exemption of national banking associations from suits in state courts, established elsewhere than in the county or city in which such associations were located, was, we do not doubt, prescribed for the convenience of those institutions, and to prevent interruption in their business that might result from their books being sent to distant counties in obedience to process from state courts. *Bank of Bethel* v. *Pahquioque Bank*, 14 Wall. 383, 394; *Crocker* v. *Marine National Bank*, 101 Mass. 200. But, without indulging in conjecture as to the object of the exemption in question, it is sufficient that it was granted by Congress, and, if it had been claimed by the defendant when appearing in the Superior Court of Cleveland County, must have been recognized. The defendant did not, however, choose to claim immunity from suit in that court. It made defence upon the merits, and, having been unsuccessful, prosecuted a writ of error to the Supreme Court of the State; and in the latter tribunal, for the first time, claimed the immunity granted to it by Congress. This was too late. Considering the object as well as the words of the statute authorizing suit against a national banking association to be brought in the proper state court of the county where it is located, we are of opinion that its exemption from suits in other courts of the same State was a personal privilege that it could waive, and which, in this case, the defendant did waive, by appearing and making defence without claiming the immunity granted by Congress. No reason can be suggested why one court of a State, rather than another, both being of the same dignity, should take cognizance of a suit against a national bank, except the convenience of the bank. And this consideration supports the view that the exemption of a national bank from suit in any state court except one of the county or city in which it is located is a personal privilege, which it could claim or not, as it deemed necessary.

It is proper to say that we lay no stress upon the proviso of the fourth section of the act of July 12, 1882, entitled "An act to enable national banking associations to extend their corporate existence, and for other purposes." 22 Stat. 162, 163, c. 290, § 4. That proviso refers only to suits by or

against national banking associations brought after the pas-- sage of that act. The present suit was commenced before that date.

The objection that the complaint does not state facts suffi- cient to constitute a cause of action, under the act of Congress, is not well taken. It might have been more specific, but enough was alleged to justify the court in overruling the motion in arrest of judgment. The bank filed its answer, and went to trial upon the merits; and, as the verdict embraces only illegal interest taken within the two years next preceding the commencement of the action, there is no ground to con- tend that the judgment exceeded the amount that Congress authorized to be recovered.

*Judgment affirmed.*