## POWELL v. RHINE.
Civ. A. No. 2892.

District Court, M. D. Pennsylvania.
May 22, 1947.

954

Storey & Bailey of Harrisburg, Pa., for plaintiff.

Solomon Hurwitz, of Harrisburg, Pa., for defendant.

WATSON, District Judge.

This is an action for triple damages under the Emergency Price Control Act of 1942, Title II, Sec. 205, 50 U.S.C.A.Appendix, § 925.

The defendant has filed a motion to dismiss the complaint for the reason that this Court lacks jurisdiction.

Defendant's motion is brief, and reads as follows: "The Defendant, Robert G. Rhine, moves the Court to strike and dismiss the action against him for the reason that the Court lacks jurisdiction over his person and the subject matter at issue because there is no diversity of citizenship between him and the Plaintiff and, further, the amount in controversy is less than Three Thousand ($3,000.00) Dollars."

The action is brought under section 205 of the Emergency Price Control Act of 1942, amended by the Price Extension Act of 1946. Section 205(c) of this Act provides that "the district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act and, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act." The language could not be clearer. This Court has jurisdiction over all cases arising under this section including those arising under section 205(e).

Section 205(e) states in part, " * * * Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any Court of competent jurisdiction." The defendant contends that this is a limitation of the jurisdiction of this Court. This is not the intent of this section. The term "court of competent jurisdiction" as here used is intended to make it clear that the state courts of limited jurisdiction have jurisdiction over cases arising under this Act which involve amounts within their limits. Hall v. Chaltis, D.C.Mun.App., 1943, 31 A.2d 699. This Court, expressly given jurisdiction of all proceedings arising under section 205 of the Act, is a "court of competent jurisdiction", as the term is used in subsection (e).

The Judicial Code, § 24(9), 28 U.S.C.A. § 41(9), gives the district courts jurisdiction, regardless of amount, "Of all suits and procedures for the enforcement of penalties and forfeitures incurred under any law of the United States." The action here is one to recover a penalty under a law of the United States, and this Court has jurisdiction. In First National Bank of Charlotte v. Morgan, N.C.1889, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282, an action brought under the National Banking Act to recover back twice the amount of interest illegally taken by a bank was found to be an action to recover a penalty under the law of the United States.

Defendant's motion must be denied for two reasons: First, this court is given jurisdiction by the terms of the Act under which the action is brought; second, this court has jurisdiction under the Judicial Code, § 24(9), 28 U.S.C.A. § 41(9).

Now, May 22, 1947, defendant's motion to dismiss is denied.