## SAMPSON et al. v. THOMAS.
### No. 6978.

District Court, E. D. Michigan, S. D.

March 19, 1948.

C. Walter Healy and George H. Lovequest, both of Detroit, Mich., for plaintiffs.

Willis M. Graves and Francis M. Dent, both of Detroit, Mich., for defendant.

LEDERLE, District Judge.

### Findings of Fact.

1. This action, seeking treble damages for rental overcharges, was instituted in this court on October 24, 1947, naming as plaintiffs four tenants of housing accommo-

dations of which defendant was and is the landlord. The various plaintiffs, and the details of their respective claims as alleged in the complaint are as follows:

| Plaintiffs | Period | Weeks | Overcharges | Total Overcharges |
|---|---|---|---|---|
| Sampson: | 2/28/46 to 10/24/47 | 85 | $ 5.00 | $510.00 |
| Dubois: | 6/8/46 to 10/24/47 | 71 | 6.00 | 426.00 |
| Cross: | 2/1/47 to 10/24/47 | 28 | 4.35 | 121.80 |
| Louie: | 3/17/47 to 10/24/47 | 30 | 6.00 | 180.00 |
| | | | Total claimed overcharges | $1,237.80 |
| | | | Trebled | 3,682.40 |

All parties are citizens and residents of Detroit, Michigan.

2. To a large extent, these four claims arise out of the same series of acts and transactions. The housing accomodations in question consist of four units of various rooms each in a house owned and operated by defendant at 4858 Vermont Avenue, Detroit, Michigan. Defendant's actions toward, and treatment of, these four tenants followed a common pattern. Each tenant was required to pay rent on a weekly basis, and in cash. Each was wilfully and consistently charged about one-third above the established maximum rent. Defendant refused the joint and several demands of plaintiffs to charge only the legal rate and to give receipts for amounts paid. The four plaintiffs went together to seek advice from a Veterans' Administration Counsellor, upon whose advice, and, acting in concert, each plaintiff thereafter tendered his rent coupled with a request for a written receipt, and, upon defendant's refusal to give a receipt, each refused to turn over the cash. After several weeks of these tenders and refusals, defendant instituted four eviction suits for nonpayment of rent at one time, returnable at the same time. These eviction cases were heard together on October 8, 1947; the four tenants were without counsel; and the court advised the tenants that they should pay any rent owing at that time and advised the landlord to give receipts for amounts paid. Thereupon, the parties went outside the courtroom, and defendant demanded, and plaintiffs paid, certain supposedly accrued rents, for which defendant gave receipts. These eviction court files and receipts, introduced in evidence here, substantiate plaintiffs' testimony that even at that time, each tenant was overcharged. Plaintiffs, still acting in concert, went from the eviction court to consult with a private attorney, as a result of which this action was instituted. During the pendency of this action, defendant unsuccessfully attempted to evict three of these plaintiffs who were still his tenants upon the pretext that they were creating a nuisance. Since that time, these plaintiffs have found other living quarters.

3. Various issues of fact and law are common to these four claims, and it has been convenient and expeditious for all parties and the court to try the claims at one time. Only one house and one landlord are involved. The testimony of each of the four plaintiffs as to actions of defendant-landlord in consistently overcharging all four plaintiff-tenants, in the face of their joint and several protests, have significant bearings on the questions of knowledge, intent and wilfulness of defendant's violations as to any and all claims here involved. The witness from the Office of Housing Expediter had to make only one appearance to testify as to maximum rents and other pertinent data contained in a single file covering all units of the house in question. One appearance was sufficient for the clerk of the eviction court to produce all files relating to litigation in that court involving the subject matter of this action. The legal issues which are common to each of the four claims include the jurisdiction of this court over a private suit instituted after July 1, 1947, involving rental

overcharges which occurred prior to that date under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., which expired on June 30, 1947, the jurisdiction of this court over private claims for rental overcharges which occurred since that date under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and whether such claims are legally enforcible at this time. The effect of the one-year statute of limitations contained in these Acts is involved in the first two of these claims.

4. During the periods covered by the complaint, the weekly rents paid by each plaintiff, the legal maximum weekly rent for the respective units, and the weekly overcharges were as follows:

| Plaintiff | Paid | Maximum | Overcharges | Periods |
| --- | --- | --- | --- | --- |
| Sampson: | $12.50 | $7.00 | $5.50 | 2/28/46 to 10/24/47 |
| Dubois: | 15.00 | 9.00 | 6.00 | 6/8/46 to 10/8/47 |
| Cross: | 11.35 | 6.00 | 5.35 | 2/8/47 to 7/8/47 |
| | 10.35 | 6.00 | 4.35 | 7/9/47 to 9/11/47 |
| | 10.00 | 6.00 | 4.00 | 9/12/47 to 10/24/47 |
| Louie: | 15.00 | 9.00 | 6.00 | 3/17/47 to 10/24/47 |

5. These rental overcharges were made by defendant wilfully and systematically, with intent to violate and evade the rent control laws.

6. The overcharges paid by each plaintiff within one year of suit, trebled, are as follows:

| | | | | | Trebled |
| --- | --- | --- | --- | --- | --- |
| Sampson: | 10/26/46 to 10/24/47, | 52 weeks @ $5.50, | $286.00 | | $858.00 |
| Dubois: | 10/26/46 to 10/8/47, | 50 weeks @ $6.00, | $300.00 | | $900.00 |
| Cross: | 2/8/47 to 7/8/47, | 22 weeks @ $5.35, | $107.70 | | |
| | 7/9/47 to 9/11/47, | 9 weeks @ $4.35, | $ 39.15 | | |
| | 9/12/47 to 10/24/47, | 6 weeks @ $4.00, | $ 24.00 | | |
| | | | $170.85 | | $512.55 |
| Louie: | 3/17/47 to 10/24/47, | 32 weeks @ $6.00, | $192.00 | | $576.00 |

7. Two of the plaintiffs whose tenancies continued after institution of this action owed eleven and four weeks' rent, respectively, at the time tenancy was terminated, and plaintiffs' counsel conceded that these unpaid amounts should be deducted from the judgment herein, which makes these two computations as follows:

| | Treble Damages | Unpaid Rent | Difference |
| --- | --- | --- | --- |
| Sampson: | $858.00 | $77.00 | $781.00 |
| Cross: | $512.55 | $24.00 | $488.55 |

8. The reasonable value of the services rendered by plaintiffs' attorneys in prosecuting this action is $239.50, and taxable costs expended by plaintiffs for institution fee, marshal's service fees and witness fees amounted to $20.50, the total fees and costs of $260.00 being allocable at the rate of $65.00 for each plaintiff's claim.

Conclusions of Law.

1. This is a civil suit for enforcement of penalties incurred under the Emergency Price Control Act of 1942, as amended, and under the Housing and Rent Act of 1947, as amended, over which this court is granted jurisdiction by 28 U.S.C.A. § 41(1) and (9) regardless of amount in controversy or citizenship of the parties. 50 U.S.C.A. Appendix, § 925(c) and (e); 50 U.S.C.A. Appendix, § 1895; First Nat. Bank v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282; Bowles v. Farmers Nat. Bank, 6 Cir., 147 F.2d 425; Kamoses v. Martin, D.C.E.D. Mich., 6 F.R.D. 585.

2. The statutory cause of action created in favor of an overcharged tenant by the Emergency Price Control Act of 1942, as amended, extended only to over-

charges which occurred within one year of suit. Consequently, all claims herein for overcharges prior to October 24, 1946, more than one year from commencement of this action, are barred. 50 U.S.C.A.Appendix § 925(e).

3. The Housing and Rent Act of 1947, upon which the part of each plaintiff's claim which accrued subsequent to June 30, 1947, is predicated, was extended to March 31, 1948, by P.L. 422, 80th Congress, 50 U.S.C.A.Appendix, §§ 1884, 1894, and the Emergency Price Control Act of 1942, as amended, upon which the part of each plaintiff's claim which accrued prior to July 1, 1947, is predicated, expired on June 30, 1947, but contained the following saving clause, viz: "* * * except that as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, price schedules and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense." 50 U.S.C.A. Appendix, § 901(b).

 4. Consequently, for rental overcharges wilfully made within one year of suit and prior to July 1, ˙ '7, and for rental overcharges wilfully made within one year of suit and subsequent to June 30, 1947, defendant-landlord is liable at this time to these overcharged plaintiff-tenants for treble the amount of the overcharges, with reasonable attorney fees and costs, under the Emergency Price Control Act of 1942, as amended, and the Housing and Rent Act of 1947, as amended, respectively, in the amounts shown in findings six, seven and eight, and this court has jurisdiction of this action to recover such amounts.

5. Where, as here, separate claims against one person arise out of the same series of acts and transactions, or have issues of fact or law in common, it is permissible and proper for the owners of such claims to join in one action as plaintiffs, as was done in this case. Federal Rules of Civil Procedure, rule 20(a), 28 U.S.C.A. following section 723c.

6. It therefore follows that the plaintiffs are entitled to judgment in their favor against this defendant, as indicated herein, and such judgment is being entered simultaneously herewith.

Judgment

In accordance with the foregoing findings of fact and conclusions of law,

It is hereby ordered and adjudged that the defendant, O. C. Thomas, pay to the plaintiffs, respectively, the following amounts upon the causes of action alleged herein, namely:

| Plaintiff | Damages | Costs and Attorney Fees | Total |
|---|---|---|---|
| Evans Sampson: | $781.00 | $65.00 | $846.00 |
| Mack Dubois: | $900.00 | $65.00 | $965.00 |
| Steve M. Cross: | $488.55 | $65.00 | $553.55 |
| M. C. Louie: | $576.00 | $65.00 | $641.00 |