Frank A. **REAVES** and Beverly A. Reaves, Plaintiffs,

v.

**BANK OF AMERICA**, a National Trust and Savings Association, et al., Defendants.

Civ. No. 72–421–N.

United States District Court, S. D. California.

Jan. 8, 1973.

John A. Crawford, Jr., Thompson & Crawford, San Diego, Cal., for plaintiffs.

Richard C. Herr, San Diego, Cal., for Bank of America.

NIELSEN, District Judge.

The question raised by defendants' motion to dismiss or to transfer this case for improper venue involves an issue of first impression for this District Court and for this Circuit: what activities by a nationally chartered bank are sufficient to constitute a waiver of venue under 12 U.S.C. § 94, so that the bank may be sued in a district other than where it is established.

The case arises out of the following facts. Plaintiffs purchased a 1971 Mazda automobile in El Cajon, a suburb of San Diego, making a down payment and financing the rest of the purchase price through a loan from the El Cajon branch of defendant Bank of America, a national banking association. Plaintiffs executed a security agreement and a promissory note in favor of the Bank of America. When a disagreement arose as to the payments, defendant bank repossessed and seized the automobile. Plaintiffs seek damages on the grounds that California Commercial Code §§ 9503 and 9504, the authority under which the bank repossessed, are unconstitutional for lack of due process, a claim which this District Court upheld in Adams v. Egley, 338 F.Supp. 614 (S. D.Cal.1972), appeal docketed, no. 72–1484, 9th Cir. 1972.

On November 13, 1972, a hearing was held on defendant's motion to dismiss or to transfer the case to the Northern District of California for lack of proper venue. After the hearing the motion was taken under submission.

Title 12, U.S.C. § 94 states the venue rule:

"Actions and proceedings against any association under this chapter may be had in any district . . . court of the United States held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases."[1]

The primary rationale for this rule that a bank may only be sued in the federal district where it is chartered and established was discussed in First Nat. Bank v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889):

"This exemption of national banking associations from suits in state courts,

---

1. Although the requirement that venue lie in the specified locations sounds permissive because of the "may be had" in § 94, the courts have uniformly held that the venue requirement is mandatory.

In fact, the Supreme Court so held in Mercantile National Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963).

established elsewhere than in the county or city in which such associations were located, was, we do not doubt, prescribed for the convenience of those institutions, and to prevent interruption in their business that might result from their books being sent to distant counties in obedience to process from state courts." 132 U. S. at 144, 145, 10 S.Ct. 38.

Although *Morgan* dealt with the state venue limitation in § 94 that a bank may be sued only where "located", the courts have interchangeably defined the terms "established" and "located", and thus the purpose of preventing inconvenience and interruption to a bank's activities applies whether a national bank is sued in federal court or state court.[2] *See*, United States National Bank v. Hill, 434 F. 2d 1019, 1020 (9th Cir. 1970).

The defendant bank relies heavily on United States National Bank v. Hill, in which the Court of Appeals, following a long line of cases, interpreted the meaning of the word "established" in § 94, holding that a San Diego chartered national bank did not become established in the Central District of California because it had branches in Los Angeles.

> "The overwhelming weight of authority, in line with *American Surety Co.* [American Surety Co. v. Bank of California, 133 F.2d 160 (9th Cir.)] and *Cope* [Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602], supports the proposition that a national bank does not become 'established' or 'located' in any district wherein it may open and operate a branch office." 434 F.2d at 1020.

This proposition was most recently reaffirmed in First National Bank of Boston v. United States District Court, etc., et

al., 468 F.2d 180 (9th Cir. 1972), the facts of which are inapplicable to the present case.

Although the Bank of America has 66 branches in the Southern District of California, it is chartered as a national association in San Francisco and is headquartered there. Accordingly, this Court finds that the defendant bank is established only in San Francisco for venue purposes, irrespective of the number of branches it may have elsewhere. And therefore it appears at first glance that the defendant may be sued there and only there.

The plaintiffs do not quarrel with this interpretation of 12 U.S.C. § 94, rather they contend that the defendant has waived venue by its conduct and activities.

The right to be sued in a certain place may be waived or lost. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U. S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939). Buffum v. Chase Nat. Bank of City of New York, 192 F.2d 58 (7th Cir. 1951), involved a situation where defendant had no branches in Illinois but where it was sued in an Illinois federal court. Plaintiff contended that because defendant had consented to be sued in Illinois solely on transactions involving the acceptance and execution of trusts, it had waived venue objections with respect to claims in no way arising out of a trust matter. Although the court stated that this limited consent did not constitute a broad and general waiver of § 94, the court did discuss what constituted a waiver.

> "Waiver is a voluntary and intentional relinquishment or abandonment of a known existing right or privilege, which, except for such waiver, would

---

2. It can readily be argued that the evil sought to be averted is not present in the instant case. As will be noted, the Bank of America has 66 branches in the Southern District of California; all phases of the transaction occurred in this district; and further, during the hearing on this motion, counsel for defendant bank admitted, when asked, that the rec-

ords of the Reaves' transaction were kept, not in San Francisco, but in Los Angeles, in much closer proximity to the Southern District. In any event, this is not essential to the Court's decision, since I find that the defendant bank is established only in San Francisco and that its branches in the Southern District did not establish it there.

have been enjoyed. 67 C.J. 289. It may be expressed formally or it may be implied as a necessary consequence of the waiver's conduct inconsistent with an assertion of retention of the right. It must be proved by the party relying upon it. And if the only proof of intention to waive rests on what a party does or forbears to do, his act or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible." 192 F.2d at 60, 61.

The defendant bank contends that United States National Bank v. Hill, *supra*, is conclusive Ninth Circuit authority as to waiver since the San Diego bank therein involved had a significant number of branches in the Central District of California; this Court disagrees. While a bank does not become "established" in a locality because it may have set up one branch or many branches, this does not mean that a bank could never waive its venue rights under § 94 by setting up many branches in a locality, by providing complete banking service in that locality, by bringing lawsuits as a plaintiff and by not objecting to venue as a defendant—all in that same locality, and by carrying on activities in that locality which may be the basis of those lawsuits.

The Court of Appeals in the United States National Bank v. Hill decision (a mandamus action brought against the trial judge arising from his denial of a transfer of venue in the original action of Sam Greitzer v. United States National Bank) did not discuss the issue of whether defendant bank had waived venue, properly so, since the trial judge in the original case based his decision completely on the erroneous conclusion that "a national bank is established for venue purposes under § 94 . . . in each district in which it has a branch conducting a general banking business and the defendant United States National Bank, having at least one branch conducting a general banking business in the Central District of California, is established for venue purposes and may be sued in the Central District . . ." Sam Greitzer v. United States National Bank, Order Denying Motion to Dismiss or Change of Venue, Civ.No. 70–944–IH 2, Aug. 8, 1970.[3]

Accordingly, since the court in United States National Bank v. Hill did not discuss whether defendant bank had waived venue, and lacking a court of Appeals decision from any Circuit discussing whether (1) extensive banking activities and (2) suing in a forum's court in furtherance of those activities constitute a waiver, this Court must look to the few decisions interpreting § 94 and waiver in the context of the facts of the instant case.

A state case, Michigan Natl. Bank v. Superior Court, 23 Cal.App.3d 1, 99 Cal. Rptr. 823 (1972), involved a bank which had no offices or branches outside of Michigan, but which refinanced purchases of airplanes sold and harbored in California by soliciting in California. The bank's security interest in the planes arose in California, and repossession would have occurred in California.

The court utilized a "minimum contacts" jurisdictional approach and found that a combination of these bank actions constituted a waiver by the bank of its privilege under § 94 of being sued in Michigan. The court correctly pointed out that there was no controlling precedent to the contrary given the particular facts of that case.

3. Before rendering the Order, the trial judge stated at a hearing held on Monday, July 20, 1970, at 1:15 p. m., the following: "Now, in the decision I have made I do not either accept or reject other arguments made on behalf of retaining the case here, to wit, the waiver concept or the concept of pro tanto repeal of the old statute by the Securities Act. I don't decide either of those since it isn't necessary to decide either issue." Reporter's Transcript.

Essential to the court's decision was the statement:

"The foregoing precedents indicate that if the national bank seeks to use a state court, other than in the county or city in which it is located, to enforce obligations which are due it, it may be subject to countersuit for matters arising out of that transaction. This suggests that when self-help is used for the same purpose, claims arising out of the assertion of the bank's rights should be heard where they occur." 23 Cal.App.3d at 11, 99 Cal.Rptr. at 830.

Although *Michigan Natl. Bank* involved an out-of-state bank in state courts, it is analogously applicable to a bank established in one federal district and doing business in another federal district (whether or not both districts are in the same state). More importantly, the California court found that self-help under the California repossession statutes constituted a sufficient use of state process similar to the use of state courts. If anything, I find the facts in the instant case even more heavily weighted in favor of the plaintiff than they were in *Michigan Natl. Bank*, since the defendant bank here has relied on judicial process by bringing a significant number of lawsuits within this district and by not objecting to venue when sued as a defendant.

A more important case is Helco, Inc. v. First National City Bank, 333 F.Supp. 1289 (D.V.I. 1971), in which plaintiff sued defendant bank on an undertaking by plaintiff to construct a dwelling for defendant. The court there found that although it was a New York bank, First National advertised extensively in the Virgin Islands, was in hot competition with local banks, permitted customers to withdraw from and deposit in Virgin Island branches (though their bank accounts were located in mainland branches), solicited and accepted advantages and protections afforded local institutions, such as suing in Virgin Island courts, and involved itself in local fiscal affairs.

The court stated:

"Understandably, where contacts with the forum state have been minimal, courts have consistently declined to find a waiver on the part of national banks." 333 F.Supp. at 1294.

Both *Michigan Natl. Bank* and the *Helco* involved situations where the banks had either utilized the local state courts as plaintiffs or had resorted to local law for self-help repossession statutes. In *Helco* the contacts were even more numerous.

The Bank of America has 66 branches in the Southern District, and through them it carries on extensive banking activities. In the instant case the promissory note and the security agreement were executed in the Southern District. The defendant bank relied on a California Commercial Code provision in effect in the Southern District,[4] and the bank repossessed plaintiffs' automobile in the Southern District.

More important is the number of times the Bank of America has sued and been sued (without making venue objections) in the San Diego County Superior Court alone.[5] This Court takes judicial notice that from August, 1964, to November 30, 1972, the Bank of America had been sued 338 times in the San Diego Superior Court and had sued as plaintiff 105 times. A cursory review of some of the County Clerk's files indi-

---

4. It is true that the same laws are in effect in the Northern District of California, but this is by coincidence and happenstance, for the Bank of America could very well be headquartered elsewhere, or more importantly the case could arise out of a transaction involving a branch outside of California.

5. Although sitting in a sparsely populated county, the Imperial County Superior Court is the other state court of major jurisdiction in this district.

cated that not once as defendant did the Bank of America raise a venue objection under § 94.

Taken together with the defendant's extensive activities in this district, plus the fact that all transactions herein involved occurred in this district, the defendant's previous failure to object to being sued in this district is inconsistent with its claim that it is not present for venue purposes. Its contacts with this district are much more than minimal. Further, its conduct warrants a strong inference of the relinquishment of a known right, the right to invoke the benefits of § 94.

It is true that the defendant bank will contend that this Court's application of the waiver doctrine to § 94 in this case deprives it of the protection from being sued locally. I respond twofold. First, the Nineteenth Century authors of § 94 could not have envisaged the extensive nature of full service branch banking and the litigation resulting therefrom which would have obviated the need for § 94 in the first place and which, in any event, could very well have been envisaged as a waiver by these authors, if the extensive activities had been foreseeable. Secondly, the Bank of America is free to cease those activities I have described which constitute a waiver. In fact, it may very well be possible for the Bank of America to carry on full-service banking, making some adjustments, and yet be able still to invoke the fleeting benefits of § 94. The defendant's present activities are so pervasive in this district that this Court has no alternative but to find a waiver. Defendant's motion to dismiss or to transfer for lack of a proper venue is therefore denied.

Although this Court denies the defendant bank's motion for dismissal and transfer on the sole ground that the bank has waived § 94, it cannot help but note in passing that if plaintiffs are forced to try to obtain relief in the Northern District, the prohibitive costs of travelling and proceeding there will probably mean that the case will have to be dropped and the merits never considered.

This Court hereby denies defendant's motion on the ground that it has waived venue under 12 U.S.C. § 94.

It is so ordered.