**ATLANTIC QUALITY CONSTRUCTION CORP., Plaintiff,**

v.

**FIRST PENNSYLVANIA BANK, N.A., Defendant.**

Civ. No. 76–815.

United States District Court, D. Puerto Rico.

Oct. 13, 1976.

Philip E. Roberts, Santurce, P.R., for plaintiff.

Jay A. Garcia Gregory, San Juan, P.R., for defendant.

OPINION AND ORDER

PESQUERA, District Judge.

Defendant, First Pennsylvania Bank, N.A. ("the Bank") has moved the Court for dismissal of this action for lack of venue. In support of its motion the Bank has filed an affidavit of one of its Officers, together with a certified copy of its Charter showing that it is a national banking association organized under the laws of the United States not established or located in Puerto Rico, but in Bala Cynwyd, Montgomery County, Commonwealth of Pennsylvania,

within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. It contends that it is entitled to invoke the venue limitations prescribed by Congress in suits against national banks in 12 U.S.C. 94, which provides as follows:

> "Actions and proceedings against any association under this chapter (National Banks) may be had in any district or territorial Court of the United States held within the district in which such association may be established, or in any State, County or City in which said association is located having jurisdiction in similar cases."

Plaintiff, Atlantic Quality Construction Corporation ("Atlantic") concedes that defendant bank is a national banking association located outside Puerto Rico and in Pennsylvania, but it challenges the bank's request for dismissal on grounds of waiver and the local or *in rem* nature of its third cause of action as set forth in the complaint, both of which constitute exception to the general rule 12 U.S.C. 94, namely, that national banks may only be sued where they are established or located.

The complaint filed by Atlantic is practically identical to a complaint filed in this Court against the same Bank on March 10, 1975, under Civil Case No. 75–206. The Bank in the prior lawsuit requested dismissal for lack of venue, but prior to the consideration of the motion by the Court Atlantic and the Bank stipulated the transfer of said action to the United States District Court for the Eastern District of Pennsylvania, where defendant Bank is located or established. By order dated May 17, 1975, filed and entered on May 19, 1975, this Court approved said stipulation and transferred the action to the Eastern District of Pennsylvania where it was filed under Civil Case No. 75–1488. On June 17, 1976, more than one year after the transfer, Atlantic stipulated with the Bank the dismissal of the Pennsylvania action, without prejudice.

The instant action was filed in this Court on July 7, 1976. In essence, the complaint alleges that on or about October 1971 At-

lantic entered into a Construction Contract for the construction of a building on a parcel of land owned by a corporate entity known as Futureland, Inc., at Santurce, Puerto Rico. Interim financing for the construction of said building was furnished by defendant Bank by way of a Loan Agreement with Futureland whereby the Bank agreed to loan to Futureland $2,000,000 for the construction of said building of which the Bank allocated $1,400,000 for the construction of the work to be performed by Atlantic, said sum to be disbursed by the Bank directly to Atlantic during the course and completion of the building.

For a first cause of action Atlantic claims that the Bank breached its implied agreement to disburse to it the sum of $163,-671.80 of the $1,400,000 initially allocated for construction of the building. For a second cause of action Atlantic alleges that the Bank failed to honor the payment of certain "change orders" in the construction of the building requested by Futureland in the amount of $229,994.73. For a third cause of action Atlantic alleges that the Bank has initiated an action against Futureland in the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, under Civil Action No. 76–3321 (808) to foreclose a first mortgage on the property given to the Bank as security for the loan made to Futureland, which loan is in default. Atlantic alleges that the foreclosure initiated generates on its behalf a quasi-contract claim of unjust enrichment against the Bank. It seeks to recover the amounts mentioned in the first two causes of action upon said theory. Finally, for a fourth cause of action, Atlantic alleges a tort based on the Bank's failure to disburse the foregoing sums consisting of loss of credit, reputation and bondability within and without the construction industry all in the amount of $2,000,000.00.

The grant of venue by Congress in suits against national banks contained in 12 U.S.C. 94 is mandatory and exclusive. *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540, (1976); *Mercantile National Bank v. Langdeau*, 371

U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); *Michigan National Bank v. Robertson,* 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963). The statute has been construed narrowly and strictly in favor of national banks. *Bechtel v. Liberty National Bank,* 534 F.2d 1335, 1339 (9th Cir. 1976); *Northside Iron Metal Co., Inc. v. Dobson & Johnson, Inc.,* 480 F.2d 798, 799–800 (5th Cir. 1973); *Helco, Inc. v. First National City Bank,* 470 F.2d 883, 884–885 (3rd Cir. 1972); *First National Bank of Boston v. U.S. District Court,* 468 F.2d 180 (9th Cir. 1972); *United States National Bank v. Hill,* 434 F.2d 1019 (9th Cir. 1970); *Klein v. Bowers,* 421 F.2d 338, 340 (2nd Cir. 1970); *Bruns, Nordeman & Co. v. American National Bank and Trust Co.,* 394 F.2d 300 (2nd Cir.), cert. denied 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968); *Buffum v. Chase National Bank,* 81 F.2d (2nd Cir.), cert. denied 298 U.S. 677, 56 S.Ct. 941, 80 L.Ed. 1398 (1936); *Tanglewood Mall, Inc. v. Chase Manhattan Bank, N.A.,* 371 F.Supp. 722 (W.D.Va.1974), affirmed 508 F.2d 838 (4th Cir. 1975); *Nevada National Bank v. Superior Court, Los Angeles County,* 45 Cal.App.3d 966, 119 Cal.Rptr. 778 (1975); *Central Bank, National Association v. Superior Court, Sacramento County,* 30 Cal.App.3rd 962, 106 Cal.Rptr. 912 (1973).

The purpose of the Statute is to protect national banks against inconvenience and disruption in the conduct of their business which might result from removal of records to a foreign district for purposes of defending a lawsuit. *Radzanower v. Touche Ross & Co., supra,* 426 U.S. at 155, 96 S.Ct. 1989; *Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc., supra,* Id.

Any inconveniences that may ensue to litigants (mostly plaintiffs) as a result of the strict Congressional mandate that national banks be sued only within the district where they are located or established, is for Congress and not the Courts to remedy. *First National Bank of Boston v. United States District Court, supra,* 468 F.2d at 183; *Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc., supra,* Id.; *Klein v. Bowers, supra,* Id.

▮ There are two exceptions to 12 U.S.C. 94, however. It has been held that a national bank may waive, by its conduct, the venue rights conferred on it by the statute, to be sued only in the district where established. *Charlotte National Bank v. Morgan,* 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889); *Reaves v. Bank of America,* 352 F.Supp. 745 (S.D.Cal.1973). The other exception relates to the nature of the claims asserted by a particular suitor. Thus, purely local or *in rem* as distinguished from transitory actions are excepted from the statutes' coverage. *Casey v. Adams,* 102 U.S. 66, 26 L.Ed. 52 (1880).

Waiver is not presumed. It must be thoroughly substantiated by the party relying on it. It is a voluntary abandonment of a known right and so "[i]f the only proof of intention to waive rests on what a party does or forbears to do, his acts or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible [citation omitted].". *Buffum v. Chase National Bank, supra,* 192 F.2d at 61.

▮ Here Atlantic seeks to establish venue in this district on the basis of the Bank's initiation of an action in the local Court to recover on the loan granted to Futureland, evidenced by a Promissory Note executed and delivered by Futureland to the Bank in Pennsylvania and secured by a First Mortgage over the immovable property in Puerto Rico.

From the Exhibits accompanied to Atlantic's Opposition to the Bank's Motion to Dismiss, it appears that the Promissory Note, apart from its execution and delivery in Pennsylvania, explicitly states that it is to be governed by Pennsylvania law. (Underlining ours). This shows that the parties to the loan agreement never contemplated any transaction of business by the Bank in Puerto Rico insofar as venue is concerned.

It is undisputed that the Bank has no branch office in Puerto Rico and that its contacts with this forum are limited to the loan transaction set forth above and the judicial proceedings commenced in the local

courts due to default by Futureland on its loan.

Atlantic has sought intervention in the local judicial proceedings in addition to the filing of this suit for breach of contract and unjust enrichment and the Bank has objected to said intervention on the grounds, *inter alia*, that venue is improperly laid for said intervention complaint in the local courts.

The record shows that Atlantic had available to it the Pennsylvania forum for more than a year and that it executed a stipulation for dismissal of the Pennsylvania action, which is practically identical to this one, *after* the Bank had commenced the local court foreclosure action.

Atlantic relies heavily on *Reaves v. Bank of America*, 352 F.Supp. 745 (S.D.Calif. 1973), for the proposition that the mere initiation of a lawsuit by a National Bank within a forum where it is not established constitutes a waiver of the venue protections afforded by 12 U.S.C. 94.

But *Reaves* is perfectly distinguishable from the case at bar. There the United States District Court for the District of Southern California found that a National Bank, having branches within the District, had waived the venue rights conferred on it by 12 U.S.C. 94 because it had sued and been sued in that district hundreds of times without ever raising a venue objection. *Bechtel v. Liberty National Bank, supra*, 534 F.2d at 1340.

In *Bechtel*, the Ninth Circuit Court of Appeals held that a National Bank sued outside its home office district had not waived its venue rights under 12 U.S.C. 94 by having acquired ownership of property by means of deed in lieu of foreclosure and having instituted forfeiture and receivership proceedings within the district where sued. Such limited use of the forum courts was considered not to be indicative of a voluntary relinquishment of the Bank's venue rights in accordance with the criteria for waiver announced in *Buffum v. Chase National Bank, supra*, 192 F.2d at 61. Judge Ely, speaking for a unanimous court, stated that the decisive element in *Reaves* had been the frequency with which defend-

ant National Bank there had sued and been sued within the Southern District of California without ever raising a venue objection *Bechtel v. Liberty National Bank, supra*, Id.

*Bechtel* is highly persuasive if not controlling here. What Atlantic has shown is no more than the legitimate isolated enforcement by the Bank of a contractual right in the court of the Commonwealth of Puerto Rico which is perfectly consistent with retention of the venue rights conferred on the Bank by 12 U.S.C. 94. Indeed, the Bank's choice of forum is dictated by the security it has on the loan. It would be hard, if not impossible, to think that a Pennsylvania Court would have jurisdiction over a piece of realty situated in Puerto Rico. Atlantic has little cause, if any, to complain given its own choice of the Pennsylvania forum more than one year ago. On the other hand, the Bank had no choice but to foreclose its security within this District. The Bank's act within the district is perfectly consistent with its venue rights. A contrary conclusion would be tantamount to imposing upon the Bank an unwarranted penalty for the exercise of its contractual rights and would create an unforeseen and unwarranted jurisdictional trap inconsistent with both the letter and spirit of 12 U.S.C. 94. See: e. g., *Fisher v. First National Bank of Omaha*, 388 F.Supp. 525 (S.D.Iowa 1972), appeal dismissed, 466 F.2d 511 (6th Cir. 1972). (No waiver by operation of credit card plan within the forum state); *Rome v. Eltra Corporation*, 297 F.Supp. 314 (E.D.Pa.1969). (No waiver in bank assuming duties of indenture trustee under Trust Indenture Act); *Central Bank, National Association v. Superior Court for County of Sacramento*, 30 Cal.App.3d 962, 106 Cal. Rptr. 912 (No waiver by consenting to appointment of receiver to manage apartment houses upon which bank had held first deed of trust and which apartment houses were subject of litigation against bank); *Central Bank, National Association v. Superior Court for the County of Kern*, 30 Cal. App.3d 913, 106 Cal.Rptr. 696 (No waiver because of construction loan made with re-

gard to building located where bank sued); *Hills v. Burnett*, 175 Neb. 871, 125 N.W.2d 66 (1963) (No waiver implied from bank's acceptance of assignment of conditional sales contract of mobile homes even though contract stated that its execution, interpretation, validity and performance would be governed by laws of the residence of the buyer suing bank).

 Atlantic's second argument to the effect that its third cause of action is local or *in rem* in nature so as to be excepted from the grant of venue in 12 U.S.C. 94 is equally devoid of merit.

A "local" as distinguished from a transitory cause of action is one *in rem* seeking to determine interests or rights in property, which may not be prosecuted at all if not brought where the property is situated. *Casey v. Adams, supra; Tanglewood Mall, Inc. v. Chase Manhattan Bank, N.A., supra*, 371 F.Supp. at 726.

Breach of contract, tort, fraud, securities fraud, construction of insurance contracts and other types of civil actions primarily seeking to establish personal liability have been classified as transitory in nature since they may be brought wherever defendant may be found and are consequently no exception to the grant of venue under 12 U.S.C. 94. *First National Bank of Boston v. U.S. District Court, supra*, 468 F.2d 180.

Atlantic's "impressment of trust" claim is no more than a quasi-contractual or equitable action for unjust enrichment against the Bank. It does not seek to determine any rights or interests in the property being foreclosed by the bank. What it seeks is to enforce an inchoate conditional right to any sums that the Bank may recover from Futureland, granted that they are in excess of Futureland's current indebtedness to the Bank. It is basically the same impressment of trust claim made in the complaint filed in this Court on March 10, 1975, and subsequently transferred to the Eastern District of Pennsylvania. At that time Atlantic did not deem such a claim to be "local" in nature. There is no reason to suppose that it is so now.

It is statutorily established that in case of improperly laid venue the District Court in which the case is filed may dismiss the action, or if it be in the interest of justice, transfer such case to the district in which it should have been brought (28 U.S.C. 1406(a)). It is further well settled that it is the Court's duty to liberally construe and apply the above cited statute for curing of defects in favor of transferring the case rather than for dismissing the same. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39.

For the above stated reasons, it is ORDERED that this action be transferred from this district to the Eastern District of Pennsylvania.