■ HOWARD S. THOMAS, JR., Appellant, v ATLANTA NATIONAL BANK et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: The question presented in this case is whether the Atlanta National Bank has waived its right under section 94 of title 12 of the United States Code to have an action against it brought in the district where it is established. The bank has its principal office in Steuben County. Plaintiff-appellant, Howard S. Thomas Jr., is a resident of Monroe County and owned a local corporation which received unsecured financing from the defendant-respondent Atlanta National Bank. These facts are alleged in appellant's complaint in his contract action against the bank which, thereupon, asserted lack of jurisdiction over it and served a demand for a change of venue in its answer. The bank subsequently moved at Special Term for a change of venue from Supreme Court in Monroe County, where the venue was laid, to Steuben County where the bank's principal office is located. From an order granting the change of venue, this appeal followed. Appellant claims that the bank waived the provisions of the statute (US Code, tit 12, § 94) because it previously instituted an action against appellant in Monroe County Supreme Court and was later named as a defendant in another, separate suit brought by appellant against it in the same court. Section 94 of title 12 of the United States Code provides that: "Actions * * * against any association under this chapter may be heard * * * in any State * * * court in the county or city in which said association is located". A national bank is "located" only in the place where its principal office exists *(Northside Iron & Metal Co. v Dobsen & Johnson,* 480 F2d 798, 799-800). Historically, the reason for this rule was to protect national banks against disruption and inconvenience which might be occasioned them as a result of being required to defend lawsuits in a different district from that in which they were "located" *(Charlotte Nat. Bank v Morgan,* 132 US 141). The protection afforded a national bank by section 94 of title 12 of the United States Code is personal, not jurisdictional *(Michigan Nat. Bank v Robertson,* 372 US 591) and, hence, it may be waived either expressly or by failure to assert the privilege or by conduct which demonstrates "a voluntary and intentional relinquishment or abandonment of the privilege" *(Buffum v Chase Nat. Bank of City of N. Y.,* 192 F2d 58, 60-61). There is no express failure to assert the privilege in this case. Indeed, the bank asserted it in its answer, demanded a change of venue and moved promptly to obtain it. Rather, the

claim is that previous litigation in Monroe County Supreme Court in which the bank was a defendant (in one case) and a plaintiff (in another) was evidence of "conduct" demonstrating relinquishment of the privilege. We are not persuaded that participation in two prior lawsuits is sufficient evidence to constitute a waiver of the venue privilege *(Odette v Shearson, Hammill & Co.,* 394 F Supp 946, 951; cf. *Reaves v Bank of Amer.,* 352 F Supp 745; where a national bank established in San Francisco which had 66 branch offices in San Diego and participated in several hundred lawsuits both as party plaintiff or defendant in San Diego was held to have waived venue for suit commenced against it in San Diego). Absent an express waiver, even were the Atlanta Bank to have a branch in Monroe County, such fact would not constitute conduct sufficient to have waived its right under the venue provisions of section 94 *(Helco, Inc. v First Nat. City Bank,* 470 F2d 863). Under the circumstances, the order directing venue in Steuben County was proper *(Odette v Shearson, Hammill & Co., supra,* p 951). Appeal from order of Monroe Supreme Court—change venue.) Present —Moule, J. P., Cardamone, Simons and Dillon, JJ.