**Richard DAWSON and Melodee Dawson, husband and wife, and Robert L. Krueger and Carol Krueger, husband and wife, Plaintiffs,**

v.

**FIRST NATIONAL BANK OF CHICAGO, as Trustee of the First National Bank of Chicago Group Trust for Pension and Profit-Sharing Trusts, Fund F, under Declaration of Trust dated December 1, 1972, as amended, Murdock Management, Inc., an Arizona Corporation, Defender Drug Stores, Inc., an Arizona Corporation, and Dan Dallett and Penny Dallett, husband and wife, doing business as Pennydanz Specialties, Defendants.**

No. CIV–78–23–TUC–WCF.

United States District Court,
D. Arizona.

July 19, 1978.

Bruce A. Burke, Tucson, Ariz., for plaintiffs.

Alan H. Silberman and Joy S. Goldman, Chicago, Ill., J. Richard Duffield, Arthur H. Miller, Tucson, Ariz., for defendants.

ORDER DENYING MOTION
TO DISMISS

FREY, District Judge.

Plaintiffs are partners in a retail business who have been refused the rental of store space in a shopping center. They allege that defendant First National Bank of Chicago (bank) and others have violated the antitrust laws of the United States and bring this action pursuant to Title 15, United States Code, Section 15. Defendant bank moves to dismiss for improper venue as provided in Title 12, United States Code, Section 94:

"§ 94. Venue of suits

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be estab-

lished, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

■ It is the first half of the statute which is applicable here. The bank asserts that its principal place of business is Chicago, Illinois, and that it is therefore "established" only in the Northern District of Illinois. Plaintiffs do not dispute the point, and *U. S. Nat. Bank v. Hill,* 434 F.2d 1019 (9th Cir. 1970), is conclusive on the subject at this time. *Citizens & Southern Nat. Bank v. Bougas,* 434 U.S. 35, 98 S.Ct. 88 at 94, 95, 54 L.Ed.2d 218 (1977), leaves a clear possibility that banks may be "established" wherever they have a branch, but since the defendant bank in this case has no branch in Arizona, that argument cannot be relied on here.

■ The defendant bank cannot be sued in this District unless there has been a waiver of the protection afforded by this venue statute even though this is an antitrust action and there is a more generous venue statute for antitrust actions, Title 15, United States Code, Section 22. *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976); *Fisher v. First Nat. Bank of Chicago,* 538 F.2d 1284 (7th Cir. 1976). The bank denies that waiver can be applied to the first half of the statute which controls here; however, no authority is cited for the proposition; and there is a reliance on a purported absence of cases applying waiver in federal venue cases.

History and reason reveal no different purpose for the federal venue portion of the statute which could prevent a bank from waiving the protection provided it as to federal venue when it clearly can waive the protection as to state court venue. Moreover, there are cases so holding. In *Application of Amarnick,* 558 F.2d 110 (2nd Cir. 1977), it was held that federal venue objections could be waived in a securities fraud case. Under the facts of that case the Circuit Court was not so certain that venue had not been waived that it would grant mandamus and reverse an order by the

Eastern District of New York that venue had in fact been waived and that the suit should be transferred to the Southern District of New York. *Reaves v. Bank of America,* 352 F.Supp. 745 (S.D.Cal., 1973), held that federal venue was in fact waived in an action to declare state self help statutes unconstitutional. The District Court in *Radzanower v. Touche Ross & Co., supra,* apparently recognized the possibility of waiver in a securities case. It found there was no waiver, the Circuit Court affirmed, and the parties attempted to argue the matter in briefs before the Supreme Court, but the question not having been raised in the petition for certiorari was not reached by the Supreme Court. *Id.,* at 151, n. 3, 96 S.Ct. 1989.

*McAdoo v. Union Nat. Bank of Little Rock,* 558 F.2d 1313 (8th Cir. 1977) recognizes the possibility of waiving federal venue objections by a bank in a diversity case. Other cases to the same effect are, *Helco v. First Nat. City Bank,* 470 F.2d 883 (3rd Cir. 1972); *Atlantic Quality Const. Corp. v. First Pa. Bank, N.A.,* 440 F.Supp. 213 (D.P.R. 1976); *Stinnet v. Third Nat. Bank of Hampton Cty.,* 443 F.Supp. 1014 (D.Minn. 1978). It appears that federal venue objections can be waived in removed actions also. *Bechtel v. Liberty Nat. Bank,* 534 F.2d 1335 (9th Cir. 1976); *Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc.,* 480 F.2d 798 (5th Cir. 1973).

The facts asserted by plaintiffs upon which they base their waiver argument are that the bank is qualified to do business in Arizona and is authorized by the State Banking Department to engage in the administration of trusts. In order to so qualify to do business in Arizona, the bank named a statutory agent within the state for the service of process. The bank is the trustee of a trust, Fund F, which is presumably administered primarily in Chicago. As trustee the bank owns and manages Colonia Verde Shopping Center in Pima County, Arizona, and has refused to lease space in the center to plaintiffs. Further, the fund has purchased three additional parcels of improved real estate in Arizona and has on

occasion been a plaintiff in the courts of this state.

The only case on waiver by the Ninth Circuit Court of Appeals is *Bechtel v. Liberty Nat. Bank, supra.* Bechtel and his partners bought farm land in Arizona from a New Mexico National Bank. The bank had acquired the land by a "deed in lieu of foreclosure" executed by the former owner. Bechtel and partners still owed $220,000 on the land when they were forced to stop farming because of water shortages, crop failures and a lack of cash. Bechtel then took over the farm's assets and liabilities and leased it to one Bookwalter for three years at $35,000 per year. Bechtel obtained a $45,000 personal loan from the bank secured by the lease. Bookwalter breached the lease and later settled for $20,000 which Bechtel turned over to the bank. When Bechtel failed to meet farm payments, the bank instituted forfeiture proceedings in Cochise County, Arizona, had a receiver appointed, and secured judgment against Bechtel for the personal note. Before completion of forfeiture, Bechtel sued the bank in Maricopa County, Arizona, for fraudulent misrepresentation regarding the water available on the land. The bank removed to federal court and moved under authority of Title 12, United States Code, Section 94, to dismiss for improper venue. The District Judge denied the motion, and the trial resulted in a jury verdict for Bechtel.

In a unanimous opinion, the Circuit said: "Although there is some divergence of opinion among courts that have considered similar questions, *compare Michigan National Bank v. Superior Court, Contra Costa County*, 23 Cal.App.3d 1, 99 Cal.Rptr. 823 (1972) *with Helco, Inc. v. First National City Bank, supra*, it is our view that the bank's Arizona activities in this case were not sufficient to constitute the alleged waiver. If proof of a waiver rests on one's acts, 'his act[s] . . . should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible.' *Buffum v. Chase National Bank of City of New York*, 192 F.2d 58, 61 (7th Cir. 1951), *cert. denied* 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952). We simply cannot accept the proposition that the bank's limited use of the Arizona judicial process in the forfeiture and receivership proceedings evidenced such an intent. *See Malaker Corp. Stockholders Protective Committee v. First Jersey National Bank, supra.* Neither can we believe that the negotiation in Arizona of an earnest money agreement for the sale of Arizona land, or the bank's suit to recover on Bechtel's personal note deprived the bank of its congressionally conferred right to be sued only in its home county."
*Id.* at 1340.

In the present case it is therefore clear that the ownership of real estate and the limited use of Arizona Courts to protect it is not sufficient to constitute a waiver. The qualification to do business and administer trusts is relevant, but not conclusive at all since even the operation of a branch bank is not conclusive. *Reaves v. Bank of America, supra; Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc., supra; Helco v. First Nat. City Bank, supra.* The Court in *Bechtel* was not faced with those exact issues; however, the opinion carefully pointed out that the bank's activity in *Reaves* went well beyond a qualification to do business. The Bank of America had, in actual court cases, waived venue several times in that district.

One Justice of the United States Supreme Court appears to conclude that waiver should be automatic whenever an agent is designated for service of process, and one Justice expressed an opinion that the operation of a branch may "establish" a bank in that District. *Nat. Bank of N. America v. Assoc. of Obstetrics, etc.*, 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976), Justice Rehnquist concurring; *Citizens & Southern Nat. Bank v. Bougas*, 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977), Justice Stewart concurring. Despite the fact that the Supreme Court has not overruled *Bechtel* and the cases upon which it relies, and acknowl-

edging that these separate concurrences of such Justices are not binding authority, still they are indicative and persuasive.

This Court finds the reasoning of Justice Rehnquist in *Obstetrics* and that of Justice Frankfurter in *Neirbo Co. v. Bethlehem Shipbuilding Co.*, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939) both rationally based and legally convincing. The appointment of a statutory agent for service of process is an unequivocal action consistent only with an intent to consent to be sued in Arizona. The holding in *Bechtel* is not contrary to such a conclusion, and to the extent that the spirit of the *Bechtel* opinion may be argued to be contrary, it appears to this Court that the Circuit Court of Appeals would fully reconsider the matter in light of the later Supreme Court cases and might well rule that there is a waiver whenever a nationally chartered bank qualifies to do business in a state *and* an agent is designated within a state for service of process. Such reasoning is more compatible with common sense, justice and fairness and does not appear to be contrary to the intent or enactment of Congress.

IT IS ORDERED that the motion to dismiss by defendant First National Bank of Chicago is denied.