WALHALLA ASSOCIATES, INC., Appellant, v NATIONAL COMMERCIAL BANK AND TRUST COMPANY, Respondent.

Third Department, November 29, 1979

### APPEARANCES OF COUNSEL

*Francis Bergan* and *Kouray & Kouray (Christian X. Kouray* of counsel), for appellant.

*Poskanzer, Hessberg, Blumberg & Dolin (Anthony J. Carpinello* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Plaintiff is a domestic corporation whose principal place of business is in Schenectady County. Defendant, a national banking association whose charter designated Albany, New York, as its principal place of business, held a mortgage on plaintiff's country club in Saratoga County. Following settlement of an earlier attempt by defendant to foreclose on said property, a disagreement arose which resulted in plaintiff's initiation of this action for breach of contract and fraud. Venue was laid in Saratoga County on plaintiff's allegation that it is located there. Defendant moved to change the venue to Albany County on the ground that Saratoga County was improper since neither party resided there. Special Term granted the motion and this appeal ensued.

This case involves the interplay between a Federal and a State statute. Section 94 of title 12 of the United States Code, dealing with venue in suits against national banking associations, states: "Actions and proceedings against any association under this chapter may be had in any district * * * court of the United States held within the district in which such association may be established, *or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.*" (Emphasis added.) The United States Supreme Court has recently construed this statute and held that a national bank is "located" not only in the county specified in its charter, but also in any other county in which the bank conducted business at an authorized branch (*Citizens & Southern Nat. Bank v Bougas,* 434 US 35). Noting that defendant has three branch offices in Saratoga County, plaintiff contends that its action was properly commenced in Saratoga County since defendant is located there.

Defendant, on the other hand, argues that venue in a State court action against a national bank is proper only when it comports with *both* the Federal statute and the State venue provision. Since both parties to this action had their principal offices elsewhere, defendant claims that neither was a resident of Saratoga County and, thus, it was not a proper place for trial under New York law (CPLR 503, subds [a], [c]; Business Corporation Law, § 102, subd [a], par [10]).

We agree with the defendant's position. It has often been said that Congress, in enacting the Federal statute, intended

the provision to be a privilege and a benefit to national banks, invocable at their will to protect them from the inconvenience of litigation in distant forums (see, e.g., *Mercantile Nat. Bank v Langdeau,* 371 US 555; *Charlotte Nat. Bank v Morgan,* 132 US 141). This legislative intent would be frustrated if the Federal statute were to be used against national banks by subjecting them to suits in counties which would be improper under State law. Therefore, absent any indication that Congress intended section 94 of title 12 of the United States Code to be the exclusive venue provision governing transitory actions brought against national banks in courts of this State, we conclude that the State provisions also apply.

Furthermore, our holding in this case is not inconsistent with *Citizens & Southern Nat. Bank v Bougas* (434 US 35, *supra),* a case arising in Georgia in which a national bank chartered in Chatham County was sued in DeKalb County where it operated a branch office, since DeKalb County was a proper place of trial under Georgia venue laws *(Citizens & Southern Nat. Bank v Bougas,* 138 Ga App 706, affd 434 US 35; see Ga Code Ann, § 22-404, subds [c], [d]).

Accordingly, Special Term's order changing the venue of this action to Albany County must be affirmed.

GREENBLOTT, STALEY, JR., MAIN and MIKOLL, JJ., concur.

Order affirmed, with costs.