572 F.2d 49
 Fed. Sec. L. Rep. P 96,412
In the Matter of NEW YORK CITY MUNICIPAL SECURITIES LITIGATION.
Petition of the FIRST NATIONAL BANK OF BOSTON for a Writ of Mandamus.
 Docket 77-3077.
 United States Court of Appeals,
Second Circuit.
 Submitted Feb. 20, 1978.
Decided March 2, 1978.
 
 Ropes & Gray, G. Marshall Moriarty, and Paul B. Galvani, Boston, Mass., and Breed, Abbott & Morgan, Thomas A. Shaw, Jr., New York City, for petitioner.
 Before FRIENDLY, MULLIGAN and MESKILL, Circuit Judges.
 FRIENDLY, Circuit Judge:
 
 
 1
 Pursuant to 28 U.S.C. § 1407(e), The First National Bank of Boston (the Bank) seeks a writ of mandamus to review an order of the Judicial Panel on Multidistrict Litigation (JPML) in In re New York City Municipal Securities Litigation, 439 F.Supp. 267. The order granted requests by plaintiffs to transfer to the District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings two actions, Truncell v. The First National Bank of Boston and Friedlander v. The First National Bank of Boston, which had been brought against the Bank in the District of Massachusetts. The complaints in the Massachusetts actions alleged violations of the federal securities laws in connection with the marketing of New York City securities during 1974 and 1975. The Bank had initially been named as a defendant in actions brought by the same plaintiffs against it and other defendants in the District Court for the Southern District of New York for the same violations but had secured dismissal under the section of the National Bank Act, 12 U.S.C. § 94, which provides that actions and proceedings against a national banking association "may be had . . . within the district in which such association may be established," a venue provision which the Supreme Court has held to be mandatory and exclusive. See Radzanower v. Touche Ross & Co., 426 U.S. 148, 152, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). These two actions remain pending in the Southern District of New York against other defendants as do four others raising similar questions. In addition, the Bank of America had likewise obtained dismissal from the Truncell and Friedlander actions under 12 U.S.C. § 94. These plaintiffs then brought actions against it in the Northern District of California and upon stipulation two judges in that district transferred the California actions to the Southern District of New York for coordinated or consolidated pretrial proceedings. There are, therefore, a total of ten actions now pending.
 
 
 2
 Before the JPML the Bank objected that the proposed transfer of the Massachusetts actions to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407[1] would circumvent the national bank venue statute, 12 U.S.C. § 94, which, as said in Charlotte National Bank v. Morgan, 132 U.S. 141, 145, 10 S.Ct. 37, 33 L.Ed. 282 (1889), quoted in Mercantile National Bank v. Langdeau, 371 U.S. 555, 561-62 n.12, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963), and in Radzanower, supra, 426 U.S. at 156, 96 S.Ct. at 1994, was enacted "for the convenience of those (banking) institutions, and to prevent interruption in their business that might result from their books being sent to distant counties." The JPML rejected this contention, as it had previously done, before Radzanower, in In re Great Western Ranches Litigation, 369 F.Supp. 1406 n.1 (Jud.Pan.Mult.Lit.1974), and after Radzanower, in In re Investors Funding Corp. of New York Securities Litigation, 437 F.Supp. 1199 (Jud.Pan.Mult.Lit.1977), and In re Falstaff Brewing Corp. Antitrust Litigation, 434 F.Supp. 1225, 1229-30 (Jud.Pan.Mult.Lit.1977). In Falstaff the JPML said:
 
 
 3
 We emphasize that defendant national banks need not worry about a transferee court's entering an order requiring that their documents be moved outside their home districts for trial because transfers under Section 1407 are for pretrial only and the actions against them will be remanded to their home districts for trial. See Rule 11, R.P.J.P.M.L., 65 F.R.D. 253, 260-63 (1975). Moreover, we note that transfer of an action under Section 1407 does not mean that all discovery must take place in the transferee district. For example, depositions of witnesses may still occur where they reside, see Fed.R.Civ.P. 45(d)(2), and of course any party may request an order from the transferee court that its documents be inspected at its offices or at another convenient location in or near the city in which it is located, see Manual for Complex Litigation, Part I, § 2.50 (rev.ed.1973).
 
 
 4
 Judge Weinfeld, concurring in Falstaff, would have included in the transfer order a specific provision that discovery or inspection of the records of national bank defendants should be had only in each bank's home district.
 
 
 5
 We begin by noting that § 1407, unlike §§ 1404 and 1406, authorizes transfer of an action to "any district" and not simply to a district where the action could have been brought. The use of this different language was deliberate; indeed, the limitation in § 1404 was one of the reasons why it was necessary to enact § 1407, see Report of the Co-Ordinating Committee of the Judicial Conference on Multiple Litigation Recommending New Section 1407, Title 28, reprinted as an Appendix to In re Plumbing Fixture Cases, 298 F.Supp. 484, 499-500 (Jud.Pan.Mult.Lit.1968); H.R.Rep.No.1130, 90th Cong., 2d Sess., reprinted in 2 U.S.Code Cong. & Admin.News, pp. 1898, 1900 (1968). However, neither this difference in language nor the JPML's point that the Massachusetts actions were brought in the districts required by 12 U.S.C. § 94 and remain there in a state of suspended animation awaiting the conclusion of the pretrial proceedings completely answers petitioner's objection. Pretrial proceedings that normally would occur in Boston may now take place in New York. While the purposes of § 94 may be accommodated by an order that the bank's documents be inspected only in its home district, such an order must be requested of the transferee judge and will not issue automatically. See Manual for Complex Litigation, Part I, § 2.50 (rev.ed.1973). Moreover the pretrial proceedings encompassed by § 1407 include summary judgment, and history has indicated that once the limited transfer has occurred, the transferor district is not likely to see the case again. Realistically, therefore, the question must be faced whether, by exacting § 1407, Congress intended to override to this extent the venue provision of the National Bank Act, as it clearly did the various venue provisions of Title 28, ch. 87.
 
 
 6
 We have no doubt that it did. Even if § 1407 is to be regarded as a partial repeal of 12 U.S.C. § 94, it comes with the category of repeal by implication recognized "where provisions in the two acts are in irreconcilable conflict." Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351 (1936), quoted with approval in Radzanower, supra, 426 U.S. at 154, 96 S.Ct. at 1993. The contrast with the problem deal with in Radzanower is evident. The Court concluded in that case that there was no "irreconcilable conflict" between the general provision of § 27 of the Securities Exchange Act of 1934 permitting suits to be brought in any district where an act or transaction constituting a violation occurred or where the defendant is found or is an inhabitant or transacts business and 12 U.S.C. § 94. In the Court's view, since even in the case of securities violations by national banks plaintiffs could still find districts where they could bring their suits, enforcement of 12 U.S.C. § 94 was not necessarily repugnant to the Securities Exchange Act's "primary purpose of . . . 'provid(ing) fair and honest mechanisms for the pricing of securities . . . .' " 426 U.S. at 155, 96 S.Ct. at 1994, quoting H.R.Rep.No.94-229, at 91 (1975). The Court did not read § 27 as indicating that Congress was intent on having all suits, even by the same plaintiff for the same violation of the Securities Exchange Act, brought in the same district. See generally 426 U.S. at 156, n.12, 96 S.Ct. 1989. On the other hand, the essential purpose of Congress in enacting § 1407 was to permit the centralization in one district of all pretrial proceedings "(w)hen civil actions involving one or more common questions of facts are pending in different districts." As said in the report of the House Judiciary Committee, "(t)he objective of the legislation is to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient conduct' of such actions" and "(t)o accomplish this objective the bill provides for the transfer of venue of an action for the limited purpose of conducting coordinated pretrial proceedings." H.R.Rep.No.1130, 90th Cong., 2d Sess., reprinted in 2 U.S.Code Cong. & Admin.News, pp. 1898, 1899-1900 (1968) (emphasis supplied). As this case illustrates, the need for such centralized management of pretrial proceedings in multidistrict litigation exists equally when national banks are defendants, but could not be met in such cases if 12 U.S.C. § 94 was held to prevent transfer under § 1407. The "irreconcilable conflict" that signals implied repeal therefore exists. If § 94 was to be preserved from the reach of 28 U.S.C. § 1407, a specific exception would have been required. For excellent reasons Congress made none.
 
 
 7
 The petition for mandamus is denied.
 
 
 
 [1]
 28 U.S.C. § 1407(a). When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated